## L. S. WHITAKER, et ux. v. F. A. BANDY, et ux.

Eastern Section.    October 10, 1926.

Petition for Certiorari denied by Supreme Court, January 29, 1927.

1. Negligence.  Evidence.  The fact that defendant's automobile ran wild upon the street not attended and collided with plaintiff's car raises the presumption of negligence.

In an action to recover for damages caused by the collision of plaintiff's and defendant's automobile, where the evidence showed that defendant's automobile ran down a hill unattended and collided with plaintiff's automobile, held that the fact that the automobile was running upon the street unattended raised the presumption of negligence.

2. Evidence.  A jury may not disregard unimpeached testimony.

A jury will not be allowed to disregard the testimony of a witness who is unimpeached and uncontradicted when the testimony is reasonable.

3. Negligence.  Evidence.  Evidence although unimpeached held insufficient to authorize a directed verdict against the plaintiff.

In an action to recover for damages caused by the collision of defendant's and plaintiff's automobile where the evidence showed that defendant's automobile was left on a hillside with the wheels against the curb, the engine cut off and the brakes on, but the evidence did not show how steep the hill was or that the brakes were sufficient to hold the automobile on the hill, held that the defendant was not entitled to a directed verdict for it was for the jury to say whether in the ordinary course of things the automobile could have run down the hill without some other agent intervening.

Appeal in Error from Circuit Court, Hamilton County; Hon. Oscar Yarnell, Judge.

Affirmed.

. Bachman, Wilkerson & Hyde, of Chattanooga, for plaintiff in error.

Rankin, Frazier & Roberts, of Chattanooga, for defendant in error.

PORTRUM, J.    Two cases were brought and tried in the circuit court of Hamilton county, against L. S. Whitaker and his wife, Thula Whitaker, resulting in verdicts in favor of Mrs. Mattie Bandy in one case in the sum of $4,000, and in favor of F. A. Bandy in the other case in the sum of $500.  The causes of action arose out of an injury to Mrs. Bandy and damage to the car of Mr. Bandy occasioned by an automobile accident occurring on the 16th day of November, 1924.

On that date the plaintiffs below were driving a Ford roadster, near the intersection of Georgia Avenue and Fourth street in the City of Chattanooga, when a Dodge touring car belonging to the defendants below ran away, descending a hill, and collided with the Ford roadster, driving it against the curb, seriously injuring Mrs. Bandy and damaging the roadster.

The Dodge car, owned by Mrs. Whitaker, was seen by the witnesses to run wild down the hill and cross the intersection of the street where the accident occurred. The witnesses saw the collision, but no witness saw or knows anything about the starting of the Dodge car. There was no one in the Dodge car, which had been parked by the son of the Whitakers in front of the house, when he had gone into the house for a short time, and upon his return he states that the car had run away. The testimony introduced by the defendants was a statement of the son that he had parked the car in its accustomed place, by turning the wheels to the curb, cutting off the engine, removing the switchkey and putting down the brakes.

The jury found in favor of the plaintiffs. A motion for a new trial was overruled, and the Whitakers have appealed, assigning as error that there was no evidence to support the verdict, and that the court below erred in failing to sustain their motions for a directed verdict at the conclusion of the hearing of all the evidence.

The fact that the Whitaker car ran wild upon the street, unattended, and collided with the Bandy car, raises the presumption of negligence. Gorsuch, Adm'r v. Swan, 109 Tenn., 36, 69 S. W., 1113. But this presumption of negligence may be rebutted by defendants, and it is earnestly insisted that the testimony in this cause, standing uncontested and unimpeached, conclusively rebuts the presumption of negligence, and that the court should have directed the jury accordingly.

It is insisted that the court and jury may not disregard the testimony of a witness who is unimpeached, and is uncontradicted, when the testimony is reasonable. Frank v. Wright, 140 Tenn., 535, 205 S. W., 434. We recognize this rule as applicable to this case, and, treating the testimony of the young man as true, then the question arises, is it sufficient to overcome the presumption of negligence? In other words, does it explain the accident in a way to show an absence of negligence to the satisfaction of reasonable men? The testimony relied upon is as follows:

"Judge Bachman: 'If it please the Court, it is agreed between the counsel, that if the boy who had previously driven this car, Whitaker, was here, he would testify that on the

afternoon in question he drove up to his house between two and three o'clock, and parked his car in the accustomed place, where he was used to parking it, that he turned the wheels to the curb, cut off the engine, took out the switch, put on the brakes, that he went into the house and, coming out shortly thereafterwards, the accident had occurred down at the corner of Fourth and Georgia Avenue; that he knew nothing whatsoever about the starting of the car or the removal of it from the place where he parked it; that, I take it, is the substance of the agreement.' ''

"The Court: 'It is admitted that that would be the testimony if he were present.' ''

"Mr. Rankin: 'Yes, and further, that they would make no question about the fact that he was the son of the defendants and using the car to go to school in.' ''

The young man was not present at the trial. Having waited two days, he had to leave and return to the University at Sewanee, where he was a student, to stand his term examinations. This was considered a sufficient excuse for his absence, and the parties went to trial upon the above agreement. This was all the evidence introduced by the defendants.

The plaintiff, Mr. Bandy, stated that the Whitaker boy told him, during a conversation with him at the place and time of the accident, the following:

"I parked the car in front of my home, and ran in the house a little bit, and it ran away."

There is no proof of any parties being on the street or near the car at the time the Whitaker boy went into the house, nor when he came back. The car was shown to have been parked on a hillside, and the only explanation given to show an absence of negligence on the part of the driver was, that he turned the wheels to the curb, turned off the engine, took out the switch and put on the brakes. It is insisted that he could have done all this, and the jury could have reasonably and logically concluded the car did run at large, in the absence of any intervening cause. It is argued that defendants did not show the condition of the brakes, and the brakes, being deficient, as is often the case with automobile brakes, then the force of gravity would cause the car to start, the wheel to slide upon the curb and the car to run at large. If this is true, then the boy's explanation would not remove the presumption of negligence. Then it became a question for the jury to determine, and these facts being susceptible of the inferences insisted upon, it was the duty of the court to submit the question to the jury.

It is apparent that had the car been parked on level ground the statement of the boy would have been a sufficient explanation to establish the lack of negligence on his part in the mind of all reasonable men, and the necessary inference must be, in that case, that the car was started by an intervening cause, for which the defendants are not shown to be responsible. But since the car was parked on a hillside, the explanation does not satisfy reasonable men, and therefore it became a question for the jury to say whether the explanation was sufficient to overcome the presumption.

It is the duty of defendants to make a reasonable and satisfactory explanation, and in the absence of such explanation the presumption prevails.

"'From this fact the conclusion is fairly deducible . . . that if a horse, or a team of horses, while unattended on the streets or highway, does damage, it constitutes . . . prima-facie evidence of negligence to charge the owner, driver or custodian, in the absence of an explanation on his part satisfactory to the jury.'

"In support of this text he cites a number of cases, among which are, Meyer v. Railway Co., 51 N. Y., 497, and Strup v. Edens, 22 Wis., 432. Both cases involved the question of the owner's liability for injuries inflicted by runaway teams. In the first, the Supreme Court of New York said: 'The fact that the horses were unattended and unfastened in the street was, unexplained, evidence of negligence against the defendant.' And in the second, the rule is stated in these words: 'The fact that the horses got loose and ran away is some evidence of negligence. It is true such a thing might occur notwithstanding due care in hitching, but such would not be the ordinary result, and, unexplained, the reasonable inference from the first would be that there had been negligence in fastening the horses." Gorsuch, Adm'r v. Swan, supra.

The requirement of a satisfactory explanation is borne out by the authorities dealing with automobile accidents of this character. O'Berg v. O'Berg, 90 Wash., 435; Oppenheimer v. Am. Ry. Ex. Co., 181 N. Y. Sup., 195; Albano v. Tapley, 234 N. Y., 523.

Taking the statements of the Whitaker boy as true, in view of the absence of evidence as to the condition of the brakes and steering wheel, then the fact that the car ran wild, it being parked on a hillside, it cannot be said, in the ordinary course of things, this could not have happened. Then it was a question for the jury, and the court committed no error in submitting it. The parties confined their appeal to this single question, and the disposition of it disposes of the appeal.

The judgment of the lower court is affirmed, at the cost of plaintiffs in error and their bondsmen.

Snodgrass and Thompson, JJ., concur.