# HEPBURN v. MILWAUKEE MECHANICS INS. CO.
## —183 S. W. (2d) 772.

Middle Section. March 18, 1944.

Rehearing denied April 29, 1944.

Petition for Certiorari denied by Supreme Court, December 2, 1944.

Ferriss C. Bailey, of Nashville, for plaintiff in error.

Donald R. Atkinson and Richard M. Atkinson, both of Nashville, for defendants in error.

HOWELL, J. This case is before us upon a writ of error from the Chancery Court of Davidson County.

The bill was filed by the complainant Beatrice Smith Hepburn as owner, and Herbert Jordan as Trustee under two deeds of Trust to secure two loans, for the purpose of collecting upon a fire insurance policy issued by the defendant and covering a building at 418 Second Avenue South in Nashville that was burned on November 13, 1941, while the insurance policy with proper loss clauses protecting the holder of the notes secured by the deed of trust was in force. The bill prayed for a judgment for the amount of the policy $2,000.00 and for the statutory penalty of twenty-five per cent and for interest and costs.

The answer denied liability principally for the reason that it averred that the property had been intentionally set on fire and destroyed by the husband of the complainant, Beatrice Smith Hepburn, with her knowledge and consent.

A jury was demanded and upon the trial the jury failed to agree on the answers to the issues submitted to them

and by consent of the parties the issues were withdrawn from the jury and determined by the Chancellor.

The issues submitted and the answers thereto were as follows:

"Issue No. 1. At the time of the fire in question, did the complainant, Beatrice Smith Hepburn, have knowledge of the foreclosure proceedings or notice of the sale, under the mortgage, of the property covered by the policy of insurance in question.

"Answer—No.

"Issue No. 2. Was the property in question belonging to the complainant, burned or caused to be burned with complainant's knowledge and consent.

"Answer—No.

"Issue No. 3. What was the amount of all the direct loss or damage caused by the fire in question to complainant's property located at 418 Second Avenue South, in Nashville, Tennessee, said property consisting of a two story brick and frame dwelling house.

"Answer—$2,000.00.

"Issue No. 4. Considering all the facts and circumstances shown by the proof, did the defendant company act in bad faith in declining to pay complainant's loss under its policy of fire insurance.

"Answer—No.

"Issue No. 5. If your answer to Issue No. 4 is 'yes', what amount of penalty within 25% of the loss payable under the policy should be assessed against the defendant as additional expense, loss and injury entailed on the holder of the policy by reason of defendant's refusal to pay.

"Answer ———.''

Upon this finding of fact by the Court a decree was entered giving a judgment for the complainants and re-

quiring the defendant to pay $2,000 into Court. An order of reference was entered directing the Clerk and Master to report the amount owing on the mortgages.

The defendant has assigned errors which raise principally the two questions whether or not the evidence justified a judgment against the defendant and whether or not the Chancellor erred in not granting a new trial on the ground of newly discovered testimony.

It is the contention of the defendant that the house of complainant was burned by Roy Hepburn, the husband of complainant, Beatrice Smith Hepburn, with her knowledge and consent. There were many witnesses examined before the Chancellor, the bill of exceptions contains 441 pages, the husband Roy Hepburn signed a confession that he had burned the house and afterwards repudiated this confession claiming that it had been obtained from him under duress while being held in the office of a State Fire Marshal and while under the belief that some harm would be visited upon his wife and she could not nurse and care for their small baby. Roy Hepburn was indicted and tried for arson but was not convicted. There was much contradictory testimony upon the question of whether or not Roy Hepburn set the building on fire and whether or not his wife, the complainant, knew of his intention to do so. Within a few days of the date of the Hepburn fire there had been several other fires of incendiary origin in the same part of the city and one Lyhue Hancock who had roomed in the house of complainant was accused of arson and was brought back to Nashville from Seattle, Washington. He confessed that he had burned several buildings including the house in question. He seems now to be serving a term in a penitentiary in Missouri upon another charge.

616

■ There is so much contradictory testimony upon the material issues of fact that we think this is peculiarly a case in which the finding of fact by the Chancellor should be given great weight. The witnesses appeared in person before him and he had the opportunity of observing their manner and demeanor upon the witness stand. See Clardy v. Clardy, 23 Tenn. App. 608, 136 S. W. (2d) 526; Mathis v. Campbell, 22 Tenn. App. 40, 46, 117 S. W. (2d) 764-767. A proper determination of the issues depends to a large extent upon the credibility · of the witnesses.

■ There was ample evidence to justify the answers given by the Chancellor to the issues of fact submitted. We do not deem it necessary to discuss the proof.

In the Clardy case, supra, Faw, P. J., said further on page 613 of 23 Tenn. App. on page 529 of 136 S. W. (2d): "We do not feel inclined, and see no occasion, to incorporate in this written opinion the testimony of the witnesses. The statute, section 10620 of the Code, requiring this Court to make written findings of facts, contemplates that the Court shall find only the ultimate, determinative facts upon which its conclusions of law are predicated, and not mere matters of evidence, nor all the separate and disjointed facts which they may consider in arriving at a result. Melody v. Hamblin, 21 Tenn. App. 687, 704, 115 S. W. (2d) 237; Badger v. Boyd, 16 Tenn. App. 629, 645, 65 S. W. (2d) 601; Julian v. American National Bank, 21 Tenn. App. 137, 163, 106 S. W. (2d) 871; Anderson County v. Hays, 99 Tenn. 542, 552, 42 S. W. 266."

It is insisted that the Chancellor erred in not granting a new trial by reason of the newly discovered testimony of John L. Ghee with reference to a notice of foreclosure of the lien upon the Hepburn property.

We are of the opinion that had the testimony of Mr. Ghee been introduced at the trial it would not have changed the result. It would only have added another contradiction to the many already appearing in the record.

In the case of Travis v. Bacherig, 7 Tenn. App. 638 on page 645, the Court said: "The denial of a motion for a new trial on account of newly-discovered evidence will not be disturbed on appeal, unless there has been an abuse of discretion by the trial judge. See Moore v. State, 96 Tenn. 209, 33 S. W. 1046. Newly-discovered evidence must be of such character as to convince the court that an injustice has been done and that a new trial will change the result. See Tabler v. Connor, 60 Tenn. (1 Baxt.), 195, 199; . . . Sharp v. Treece, 48 Tenn. (1 Heisk.), 446, 447." See also Darnell v. McNichols, 22 Tenn. App. 287, 122 S. W. (2d) 808.

It results that we concur in the answers to the issues of fact by the Chancellor, the assignments of error are overruled and the decree of the Chancery Court affirmed. The cause will be remanded to the Chancery Court of Davidson County for further proceedings in accordance with the decree. The defendant insurance company and its surety will pay the costs of the appeal.

Affirmed and remanded.

Felts and Hickerson, JJ., concur.