PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY and Arthur Andersen & Company, Plaintiffs in Error.

*v.*

PROFESSIONAL CLEANING SERVICE, INC., Defendant in Error.

396 S.W.2d 351.

(*Knoxville,* September Term, 1965.)

Opinion filed November 17, 1965.

200

Cameron, Turner & Oehmig, Chattanooga, for plaintiffs in error, Daniel W. Oehmig, Chattanooga, of counsel.

Campbell & Campbell, Chattanooga, for defendant in error.

Mr. Justice White delivered the opinion of the Court.

This case is here on appeal in error from the action of the trial court in sustaining a demurrer to the declaration. The single assignment of error is that:

The court erred in sustaining the defendant's demurrer and dismissing the suit for the reason that such action is contrary to law.

The plaintiffs in error contend that the doctrine of *res ipsa loquitur* is available to them in this case under the allegations of their declaration.

The action in this case is for damages, and in the declaration it is alleged that the plaintiff, Provident Life & Accident Insurance Company, is the owner of an office building located in Chattanooga, Tennessee, and operates said building in the business of renting offices to business and professional tenants, and that the plaintiff, Arthur Andersen & Company, is a tenant and maintains certain office equipment and furniture in said building.

It is alleged that the plaintiff, Provident Life & Accident Insurance Company had engaged the defendant to perform certain cleaning services for it and that said defendant did, each day, sweep the entire floor area, vacuum the carpets, dust all desks, tables and other articles in the various offices located in said building. The defendant was also charged with the duty of emptying and cleaning ashtrays, waste cans and carrying the trash and waste paper from said building.

The plaintiffs allege that:

* * * on April 11, 1963, at approximately 11:15 p.m., the agents and servants of the defendant were engaged in the cleaning operation as outlined above, and in

doing so were in complete control of the number two elevator in said building. The plaintiffs further aver that the defendant had placed waste paper and trash and a vacuum cleaner in the number two elevator * * *, in said building, and that at the time and place aforesaid, a fire occurred in the paper and trash or in the vacuum cleaner in said number two elevator. Plaintiffs aver that said fire was caused by the negligent act or acts of the defendant. The plaintiffs are without knowledge as to the specific act or acts of negligence on the part of the defendant, its agents, servants and employees, which caused the fire and resulting damage to the property of the plaintiffs, and they are unable to determine said negligent act or acts and the same are inaccessible to the plaintiffs.

The plaintiffs further aver that the defendant, its agents, servants and employees, know or should know, or have the means of ascertaining, the true cause of the fire and resulting damage to the plaintiff's property, and the negligent act or acts are within the knowledge of the defendant, its agents, servants and employees.

Plaintiffs further aver that the said elevator and contents of said elevator were in the exclusive dominion and control of the defendant at the time the said fire occurred, and that under the circumstances above alleged, it is the duty of defendant to explain, if it can, why it was not negligent in the supervision, management and execution of its janitorial duties at the time said fire occurred. The plaintiffs further aver that the defendant had carried on said janitorial services for quite a number of months and that no such fire had ever occurred before, and that a fire such as oc-

curred in this instance does not ordinarily occur if proper care is used.

Plaintiffs plead the doctrine of "res ipsa loquitur," and under said doctrine aver that the defendant is liable and responsible to them for all the damages suffered by them as a result of said fire as above described.

The plaintiffs then averred that the fire and smoke therefrom damaged the interior of its building, burned electrical wires and fixtures, destroyed paint, etc., and caused damage by smoke to the property of the plaintiff Andersen & Company, all in the sum of $37,107.24, for which the plaintiffs sued and demanded a jury.

The defendant filed a demurrer in four grounds, viz.:

1. The declaration fails to state a cause of action against the defendant.

2. The declaration states on its face that the defendant was guilty of negligence, but states on its face that it does not know what the negligence is, if any, and says that the plaintiffs are unable to determine any negligence on the part of the defendant.

3. The declaration attempts to rely on the doctrine of *res ipsa loquitur*, but fails to allege sufficient facts to come within said rule, because it is not alleged that the building owned by the Provident Life & Accident Insurance Company was under the exclusive dominion and control of the defendant at the time the said fire occurred.

4. The declaration fails to show any connection between the alleged negligence of the defendant, or what such negligence was, and the origin of the fire and/or any damage done.

Upon consideration of the demurrer and argument of counsel, the court sustained the demurrer as shown above.

■ The plaintiffs in error rely upon the general rule of law in this State that demurrers are not looked upon with favor and are sustained only when it clearly appears that the averments and charges upon which the complaint rests are fatally defective in substance. *Southall v. Billings,* 213 Tenn. 280, 375 S.W.2d 844 (1963).

■■ It has been repeatedly held that by demurring the defendant confesses the truth of all properly pleaded facts as set forth in the complaint and relevant inferences of fact deductible from such alleged facts. Put another way, it is safe to say that all averments or allegations in a pleading and those which may be reasonably drawn therefrom, are to be taken as true when considering a case on demurrer. *Southall v. Billings,* supra; *Zager v. Cobb,* 192 Tenn. 79, 237 S.W.2d 560 (1951); *Williams v. McElhaney,* 203 Tenn. 602, 315 S.W.2d 106 (1958).

In determining the sufficiency of the allegations to bring the case within the doctrine of *res ipsa loquitur,* we refer to the declaration because, as stated, the law compels us to take such allegations as true. The averments are that the defendants had complete charge and control of the paper and trash and the vacuum cleaner in which the fire allegedly originated. Just how or why the fire occurred is not alleged for the reason that the plaintiffs did not have sufficient knowledge upon which to make such allegations.

They did allege that the paper and trash and the vacuum cleaner were in the exclusive care and custody of the defendant and that an occurrence of a fire under

the circumstances was not to be expected and, therefore, out of the ordinary. Based upon these facts the plaintiffs claimed the benefit of the doctrine of *res ipsa loquitur* to make out a prima facie case of negligence.

■ One of the leading cases on the doctrine is that of *Casenburg v. Lewis*, 163 Tenn. 163, 40 S.W.2d 1038 (1931), prepared for the Court by Mr. Justice Cook, in which it was held that the doctrine is applicable if the instrument that produces an injury is under the exclusive control of the defendant and the injury would not ordinarily result if proper care were exercised. The fact of the injury under such circumstances makes out a prima facie case of negligence and in the absence of counter-vailing explanatory proof to overcome the prima facie case liability will follow.

In a former trial of that case (Casenburg), the court had directed a verdict for the defendant, but this action was reversed and it was held under the doctrine that there was sufficient evidence to carry the case to the jury. See *Lewis v. Casenburg*, 157 Tenn. 187, 7 S.W.2d 808, 60 A.L.R. 254 (1928).

Upon the second trial a judgment for the plaintiff was returned and that case was under examination when the opinion of Mr. Justice Cook was delivered. The material facts presented by the record in that case were that by the use of x-ray treatments a malignant growth of an abdominal tumor was reduced, but in the course of the application of the x-ray there resulted a third degree burn of the abdomen of about seven inches in diameter. As indicated above, the doctrine of *res ipsa loquitur* was applied so as to make out a prima facie case of negligence. Certain explanatory evidence was offered by the

defendant but the Court held that such evidence did not destroy the weight of the inference arising from the doctrine and the weight of the evidence as well as the weight of the explanation was a matter for determination of the jury.

The rule of *res ipsa loquitur* has been defined in our cases in two general ways. In *North Memphis Savings Bank v. Union Bridge & Construction Co.,* 138 Tenn. 161, 177, 196 S.W. 492 (1917), it was defined thusly:

> Where the evidence shows an injury inflicted, and also the physical thing inflicting it, and that thing does not usually, or in the ordinary course, produce such a result where due care is exercised by those in charge of it, it may be inferred that those so in charge of the thing inflicting injury failed to exercise such due care; that is, that they were guilty of negligence.

The second general definition is found in the case of *Sullivan v. Crabtree,* 36 Tenn.App. 469, 473, 258 S.W.2d 782, 784 (1953):

> "[W]here the thing [causing the harm] is shown to be under the management of defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care."

Prosser notes that most authorities find these necessary for the application of the principle of *res ipsa loquitur:* (1) The accident must be of the kind which ordinarily does not occur in the absence of someone's negligence; (2) It must be caused by an agency or an

instrumentality within the exclusive control of the defendant; (3) It must not have been due to any voluntary action or contribution on the part of the plaintiff. Prosser, Torts, sec. 42 (2d ed. 1955).

Prosser, however, as do many other academicians, finds fault with the use of the word "control."

Some courts have said that it is enough that the defendant was in exclusive control at the time of the indicated negligence. It would be far better, and much confusion would be avoided, if the idea of "control" were discarded altogether, and we were to say merely that the apparent cause of the accident must be such that the defendant would be responsible for any negligence connected with it. Prosser, Torts, sec. 42, at 206 (2d ed. 1955).

The Restatement (Second), Torts sec. 328d (1965), gives this definition:

(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when (a) the event is of the kind which ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Here is seen a corroboration of Prosser's idea that control in the defendant is not a necessary element of the definition. The following quote in the comments to sec. 328d of the Restatement explains the elimination of the "control" element:

It is not, however, necessary to the inference that the defendant have such exclusive control; and exclusive control is merely one way of proving his responsibility. He may be responsible, and the inference may be drawn against him, where he shares the control with another, as in the case of the fall of a party wall which each of two landowners is under a duty to inspect and maintain. He may be responsible where he is under a duty to the plaintiff which he cannot delegate to another, as in the case of a landlord who leases premises dangerous to persons on the public highway, which the tenant undertakes to maintain. He may be responsible where he is under a duty to control the conduct of a third person, as in the case of a host whose guests throw objects from his windows. It may be enough that the defendant was formally in control, at the time of the probable negligence, as in the case of a beverage bottle whose produce poisons the consumer, when there is sufficient evidence to eliminate responsibility of intermediate dealers. Exclusive control is merely one fact which establishes the responsibility of the defendant; and if it can be established otherwise, exclusive control is not essential to a res ipsa loquitur case. The essential question becomes one of whether the probable cause is one which the defendant was under a duty to the plaintiff to anticipate or guard against.

■ At this point, the procedural effect of the application of *res ipsa loquitur* should not be forgotten. Application of the doctrine is merely a way of presenting a piece of substantive evidence of negligence. It rescues a plaintiff from the predicament of having no evidence of negligence to support his case. It is often stated as a "common sense appraisal of the probative value of cir-

cumstantial evidence." *Boykin v. Chase Bottling Works,* 32 Tenn.App. 508, 522, 222 S.W.2d 889, 896 (1949); *Sullivan v. Crabtree,* supra; *Roberts v. Ray,* 45 Tenn. App. 280, 284, 322 S.W.2d 435 (1958).

In *Roberts v. Ray,* supra, it was held:

The general rule for all cases of circumstantial evidence—both ordinary cases and *res ipsa loquitur* cases —is that to make out his case, plaintiff does not have to eliminate all other possible causes or inferences than that of defendant's negligence; but it is enough if the evidence for him makes such negligence more probable than any other cause. *Boykin v. Chase Bottling Works,* supra; *Sullivan v. Crabtree,* supra; Prosser on Torts (2d ed.) 204; *Law v. Louisville & N. R. Co.,* 179 Tenn. 678, 698-699, 170 S.W.2d 360, 364, 45 Tenn.App. at 284, 322 S.W.2d at 437.

■ We think the allegations of the declaration are sufficient to make out a prima facie case and that the trial court was in error in sustaining the demurrer. Reversed and remanded for further proceedings not inconsistent with this opinion.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.