IDA AND ROY STINNETT, Plaintiffs in Error, v.
HUGH AND NINA WRIGHT, Defendants in Error.
—438 S.W.2d 357

Eastern Section.  October 9, 1968.

Certiorari Denied by Supreme Court February 3, 1969.

William G. McPheeters, Dayton, for plaintiffs in error.

C. P. Swafford, Dayton, for defendants in error.

McAMIS, P. J.   Mrs. Ida Stinnett brought suit in the Circuit Court to recover for injuries to her right arm and hand sustained while using an automatic washing machine in a public laundry owned and operated by defendants Hugh and Nina Wright. Her husband brought a separate action to recover for loss of services and medical expenses. Further reference to his suit will be omitted, since his right of recovery is dependent upon the right of his wife to recover.

At the conclusion of all the proof the Court sustained defendants' motion for a directed verdict and from that action the present appeal has been prosecuted.

The declaration is in three counts. The first count charges that defendants owned and operated the coin laundry in question; that on January 7, 1966, plaintiff entered the laundry as an invitee to wash and dry her family's clothing; that plaintiff put coins in the machine as required, then placed clothes therein and the machine proceeded automatically to wash but later one of the machines stopped, indicating the wash cycle was complete; that plaintiff then began removing her clothes from the machine when suddenly, without warning, it started up again, causing her arm to become entangled with clothing and seriously and permanently injured.

There is no charge in this count that the machine was defective, only the general charge that plaintiff was

injured as "the result of the Defendants' negligence in failing to exercise reasonable or ordinary care for the plaintiff's safety."

The second count charges defendants with failure to keep their premises in a reasonably safe condition and failure to warn plaintiff of "hidden or concealed perils of which they, the Defendants, knew, or should have known, in the exercise of reasonable care." There is no complaint of the action of the Court in directing a verdict as to this count of the declaration.

The third and final count charges: "Defendants were negligent in their duty to furnish a proper and safe appliance, to-wit: a Philco-Bendix Washing Machine."

Plaintiff testified she inserted coins in three of defendants' machines and placed clothes in each of them. All three machines showed a red light and began to operate normally. She described the operation as being in three cycles, first the washing cycle, upon completion of which a light of different color came on, then the rinsing cycle and finally the spin cycle. At the completion of the spin cycle all lights would go off.

According to plaintiff's testimony, while removing clothes from one of the machines she noticed the light had gone off on the machine in question. After she had completed removing her clothes from the other machine she raised the lid on the machine on which the light had gone out and was in the act of removing clothes therefrom when it suddenly began to spin very rapidly and her arm became entangled as charged in the declaration. She noticed no action within the machine when she raised the lid on top to remove the clothing. According to all the evidence, normally, when the light goes off following

completion of the three cycles the machine can only be started again by inserting more coins. Plaintiff offered no evidence of any defective condition which might be expected to cause the machine to cut off and then suddenly become reactivated without the insertion of additional coins or, if such defective condition existed, that defendants knew or by the exercise of reasonable care should have known of such defective condition prior to the accident. She relies upon res ipsa as entitling her to have the case go to the jury.

Defendants both worked in the laundry and an adjoining dry cleaning plant. Defendant Hugh Wright testified he went immediately to the aid of plaintiff and saw the machine was in a fast spin but that the light was still burning. Because of the accident he pulled the plug to cut off the machine but when he re-inserted the plug after plaintiff had been taken to the hospital the light came on and the machine completed its normal spinning cycle. The machine, according to his testimony, continued to operate for two months after the accident and had given no more than the normal amount of trouble before the accident.

Mr. Wright testified he had been in business for seven years and maintained a shop in the building where he did all the repair work on the thirty-two machines defendants owned and operated; that he passed by the machines several times each day listening for unusual noises indicating mechanical defects or the presence of nails or grime which could cause trouble and when indicated such things were removed and, if necessary, the machine would be taken to the shop for repairs. He had notice nothing unusual in the machine in question. Defendant Nina Wright's testimony as to inspection and repairs and the absence of any trouble with this particu-

lar machine both before and after the accident is to the same effect.

Plaintiff's single assignment is that sufficient evidence was introduced to require the Court to submit the case to the jury. Numerous cases are cited for the rule that on motion for a directed verdict every reasonable inference from the proof must be indulged in favor of the party against whom the motion is made.

We infer from the brief that plaintiff's counsel recognizes plaintiff's right to go to the jury depends upon the application of res ipsa. The supporting brief also recognizes that, generally, before res ipsa can be applied it must be shown that the condition or instrumentality causing the injury was within the exclusive control of the defendant. Boykin v. Chase Bottling Works, 32 Tenn. App. 508, 222 S.W.2d 889, and Provident Life & Accident Ins. Co. v. Professional Cleaning Service, Inc. 217 Tenn. 199, 396 S.W.2d 351, are cited as indicating a tendency to relax this requirement.

The Boykin case involved injury caused by the explosion of a bottle containing a carbonated beverage. The opinion contains the following:

"As applied to the particular factual situation, the rule deducible from these cases is that it is not necessary that the defendant have control of the bottle at the time of the injury, but it is sufficient if he had exclusive control when the acts apparently causing the injury occurred * * *. See, 22 Am. Jur. 214, 215 and note."

Provident Ins. Co. v. Professional Cleaning Service, supra, applied the general rule that exclusive control by the defendant must be shown and, it appearing that the

proof met this requirement, the Court reversed the action of the circuit court in directing a verdict for defendant. Beyond citing authorities criticizing the rule requiring absolute control by defendant at all times the opinion in that case fails to reach the question here presented. The proof showed possession by defendant of flammable materials causing the fire and resulting damage for which suit was brought.

██ We recognize the soundness of the holding in the Boykin case that the doctrine of res ipsa applies without proof that defendant had exclusive control at all times. It is sufficient to show that defendant had exclusive control "when the acts apparently causing the injury occurred". The burden of proof, however, rests upon the plaintiff to establish that fact.

██ If it be conceded that an inference arises that a defect in the machine caused it to start up unexpectedly, the question whether the defect resulted from defendants' negligence while they had exclusive possession of the machine remains. The machines were not used by defendants but by anyone who would insert the necessary coins. It seems more probable that some previous user had left a nail or some substance in the machine or in some other way caused it to malfunction. If so, it can not be said the condition of the machine was caused by defendants or that there was negligence on their part contributing to plaintiff's injury in the absence of any showing that the defect had existed for such a length of time that defendants in the exercise of due care should have discovered it. Common experience teaches that no machine is so perfect that it will never become defective and malfunction, even though maintained with skill and reasonable care and diligence, from some latent defect

developing with constant use. It could not be reasonably argued that ordinary care required periodic dismantling to discover such latent defects.

■ As said by Mr. Justice Green, later Chief Justice, in Memphis Street Railway Co. v. Stockton, 143 Tenn. 201, 206, 226 S.W. 187, 189, 22 A.L.R. 1467:

"(T)he application of this rule (res ipsa loquitur) in its primary or distinctive sense rests on common experience, and 'not at all on the circumstances of the particular case tending of their own force to show that the very accident in question was in fact the result of negligence.'"

The suit was one by a student motorman to recover for injuries sustained as the result of the failure of brakes on the street car he was operating. The opinion continues:

"As stated before, no facts are proven in this record which tend to show that the street railway company had knowledge of any defect in the brake, nor is any fact proven which tends to show that the street railway company should have in the exercise or ordinary care acquired such knowledge.

"If res ipsa loquitur is to be employed at this angle of the case, it must be in its primary or distinctive sense.

"The question then is: May it be inferred from common experience that the bare failure of this brake to work indicated a defect which was of such a character and had existed for such a length of time as that the master knew or in the exercise of reasonable care should have known of its existence?

"How can we say that the master knew of this defect or ought to have known of it when the character of the defect itself is utterly unknown?

"An air brake is a somewhat complicated apparatus. There may be obvious defects in such machinery and there may be hidden defects therein."

■ Apropos here is the following taken from the opinion in Boykin, supra:

"The doctrine of res ipsa liquitur is based on everyday experience and provides a formula for testing the relevancy or probative value of the circumstances immediately attending an injury, with a view of determining whether the inferences to be drawn therefrom furnish a rational basis for a conclusion that it is more likely than not that (1) the injury was due to the negligence of some one, and (2) that the defendant was the responsible party. Otherwise stated, it is a mere formula for subjecting the circumstances to the test of everyday experience to determine whether a reasonable mind might accept the inferences to be drawn from the circumstances as adequate to support a conclusion with respect to the two determinative propositions. As more tersely said, the doctrine 'is not an arbitrary rule (but) is rather a common sense appraisal of the probative value of circumstantial evidence.' George Foltis, Inc. v. [City of] New York, 287 N.Y. 108, 38 N.E.2d 455, 153 A.L.R. 1122; Quinley v. Cocke, 183 Tenn. 428, 438, 192 S.W.2d 992."

■ We conclude that the circuit court correctly ruled, under the undisputed proof, that res ipsa is inapplicable.

■ Some mention is made in the brief of defendants' failure to have on the machine an automatic switch to cut off the motor when the lid is raised to remove clothing. Such a device, of course, would cut off the motor each time the operator opened the machine to observe operations, to supply detergents or for any other purpose.

There is no showing that a switch so designed and installed would be practicable or that well regulated coin laundries use switches of this type.

Affirmed at the cost of plaintiffs and sureties.

Cooper and Parrott, JJ., concur.