MEL OLSWANGER, JR., Trustee, Plaintiff-Appellee,
v. PATRICIA FUNK, and PATRICIA DARNELL,
Defendants-Appellants.—470 S.W.2d 13.

Western Section at Jackson. June 16, 1970.

Certiorari Denied by Supreme Court November 2, 1970.

202

[redacted]

Ed Hurley, Memphis, for appellants.

Leo Bearman and J. Heiskell Weatherford, III, Memphis, for appellee.

CARNEY, P.J. The Trial Judge, without a jury, rendered judgment in favor of the plaintiff landlord, Mel Olswanger, Jr., Trustee, in the amount of $2,029.51 against the defendant tenants, Patricia Funk and Patricia Darnell. The suit was for damages resulting from fire to an apartment occupied by the defendants. The defendants have appealed and made six assignments of error. They raise only the one question of whether or not the res ipsa doctrine applies.

There is little dispute as to the facts. We copy from the memorandum opinion of His Honor the Trial Judge as follows:

"Defendants occupied an apartment in a multiple unit apartment building owned by plaintiff, situated at 188 Jefferson Avenue, Memphis, Tennessee pursuant to written lease executed by the parties under date of February 9, 1968, and admitted in evidence as Trial Exhibit 1. The lease contains the standard provision charging the tenants with liability for all damages to the premises, ordinary wear and tear excepted.

Defendants were the sole occupants of the leased premises, and retained exclusive control over the same.

On February 18, 1968, at about 5:30 P.M., some thirty minutes after defendants had temporarily left the apartment, a fire occurred in the apartment, resulting in damages in the total amount of $2,029.51, for the recovery of which this action is brought. A detailed statement of damages, which is undisputed, has been introduced in evidence as Trial Exhibit 3.

Investigation by the Fire Marshal, who arrived on the scene some thirty minutes after the fire alarm was turned in, disclosed that the major fire damage was confined to the living room; that a section of the floor comprising an area approximately three feet in width and five or six feet in length, was heavily charred. He also found that a couch of approximately the same dimension was heavily damaged by fire. In fact, the couch was completely destroyed, except for the springs. The foam rubber cushions on the couch were charred. There was extensive smoke damage throughout the apartment and extending also into adjoining apartments. The Fire Marshal testified that foam rubber cushions, when burned, emit a heavy black soot of the character which he found in evidence in the apartment.

Upon interviewing defendants at the scene, they admitted to the Fire Marshal that they smoked cigarettes, but did not admit that they had been smoking on the couch.

A check of all wiring and electrical outlets was negative for defects of any kind, as was also a check

of appliances, including heating and air conditioning equipment.

Testimony of the rental agent, Bernard M. Mitchell, confirmed that of the Fire Marshal with respect to the charred area on the living room floor, and total destruction of the couch, and his testimony was otherwise related to the amount of damage.

From this testimony, the Court finds there was no direct evidence as to the cause of the fire, but the Court is of opinion, and so find, that the charred area on the living room floor of approximate dimension of 3 x 6 feet, and the destruction of the couch of similar dimension creates a strong circumstance indicating that the fire had its inception in the couch.

Defendants offered no proof in explanation.

It is the insistence of plaintiff that inasmuch as the leased premises were in the exclusive control of defendants, and in the absence of proof of defect in wiring or any appliance, and the cause of the fire being unknown, the doctrine of res ipsa loquitur is applicable, and plaintiff relies upon two comparatively recent Tennessee cases in support of this position.

First, in Southern Gas Corporation vs. Brooks, 50 Tenn.App. 1, 359 S.W.2d 570, a fire occurred in a church building approximately one hour and a half after defendant, Southern Gas Corporation had installed a system of floor furnaces. The cause of the fire was unknown, and plaintiffs made no effort to prove the

specific manner in which the building caught fire, nor the specific acts or omissions of negligence of which they contended the defendant to be guilty. They relied upon the doctrine of res ipsa loquitur.

The trial court overruled a motion for directed verdict made by defendant at the conclusion of plaintiff's proof, whereupon defendant introduced evidence by the officials and employees of defendant who installed the floor furnaces, negativing any act of negligence on the part of defendant.

The jury returned a verdict for plaintiff, and, on appeal, the Court of Appeals, in an opinion by Judge Carney, held 'that the inference of negligence on the part of the defendant's employees in the installation of the gas burning equipment arising under the res ipsa loquitur doctrine was not conclusively refuted by their testimony and that of Chief Lewis.' Incidentally, Fire Chief Lewis testified that the fire started in the roof of the church, rather than in the area of the floor furnace.

In memorandum brief submitted by counsel for defendants in the case at bar, it is insisted that the res ipsa loquitur doctrine has no application to a fire of unknown origin in a building or an apartment, but that the doctrine is limited in its application to an instrumentality or 'thing' under the exclusive control of a defendant. This contention is refuted by the Court of Appeals in Southern Gas Corporation v. Brooks, supra. The following is quoted from the opinion:

'However, attorneys for plaintiff-in-error very forcefully make the argument that before one can

invoke the doctrine of res ipsa loquitur, the plaintiff must prove by direct evidence the act, agency or thing which caused the injury. They cite in support of this argument a number of Tennessee cases. (Citing authorities)

'We must respectfully disagree with this insistence. "Any fact may be proved by direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. * * *"' '

In Provident Life and Accident Insurance Company v. Professional Cleaning Service, Inc., 217 Tenn. 199, 396 S.W.2d 351, the Cleaning Service had a contract to clean plaintiff's office building each night and to carry out the trash and waste paper from the building. While engaged in removing trash from the building in one of the elevators, a fire occurred in paper and trash, resulting in damage to the property. Plaintiff was unable to allege the origin or cause of the fire, but relied upon the doctrine of res ipsa loquitur. The trial court sustained a demurrer to the declaration. The Supreme Court, in reversing the trial court, held the doctrine applicable.

Counsel for defendant cites a number of cases from other jurisdictions, many of which deny application of the doctrine in fire cases, but it is apparent from an examination of these cases that the courts hold, in the last analysis, that application of the doctrine of res ipsa loquitur, or lack of application, must of necessity depend upon the facts and circumstances of the particular case. As stated in Menth v. Breeze Corporation, [4 N.J. 428], 73 A.2nd 183, at page 186, 'whether a fire

case falls within the operation and scope of the res ipsa loquitur rule must of necessity depend upon the particular facts and circumstances appearing in the individual case.'

In the case at bar, the facts and circumstances developed by plaintiff's proof strongly suggest to the Court that the fire in this instance occurred as result of some act or omission on the part of defendants. At least, the proven facts and circumstances are such as to require some explanation on the part of defendants. In the absence of any proof or explanation from defendants, the Court resolves the issue in favor of plaintiff, and enters judgment in the amount of $2,029.51 for which execution may issue.''

The defendants-appellants contend that the doctrine of res ipsa loquitur is not applicable in landlord-tenant cases merely because of the relationship or because the tenant is in control of the premises, unless proof is offered that the defendant has control of the instrument, and that the fire originates with it, such as with a ''cook stove,'' ''heating unit,'' etc. and that an entire apartment is not an instrument.

Plaintiff proved by direct evidence that his damages were sustained by fire. Plaintiff proved by indirect and circumstantial evidence that the fire which caused the plaintiff's damages originated in a couch located in a room in the apartment rented by the defendants. Plaintiff proved by direct evidence that the defendants had occupied the apartment some thirty minutes before the fire was discovered and that they locked the apartment when they left. The plaintiff proved by direct testimony

that the couch was under the exclusive control of the defendants and that no one had an opportunity to tamper with or start a fire in or on said couch after the defendants left the apartment and locked the door thereto.

We hold that His Honor the Trial Judge quite properly held that a fire does not ordinarily originate in a couch in an apartment in the absence of negligence and that the doctrine of res ipsa loquitur does apply. His Honor the Trial Judge quite properly held that the case at bar is controlled by the cases of Southern Gas Corporation v. Brooks, 50 Tenn.App. 1, 359 S.W.2d 570, and Provident Life and Accident Insurance Company v. Professional Cleaning Services, Inc., 217 Tenn. 199, 396 S.W.2d 351. The cases cited by the appellants from other jurisdictions are not controlling of the case at bar and we find it unnecessary to discuss them in detail.

All of the assignments of error are respectfully overruled and the judgment of the lower Court is affirmed.

Puryear and Matherne, JJ., concur.