# IN THE COURT OF APPEALS OF TENNESSEE
# MIDDLE SECTION AT NASHVILLE

**FILED**

April 25, 1997

Cecil W. Crowson
Appellate Court Clerk

AMANDA MARIE SMITH,    )
CHARLES BRENT SMITH,    )
and wife CONNIE SMITH,    )
                        )
    Plaintiffs/Appellants,    )
                        )       Davidson Circuit
                        )       No. 93C-3541
                        )
VS.                     )
                        )       Appeal No.
                        )       01A01-9512-CV-00554
                        )
THE CASTNER-KNOTT       )
DRY GOODS COMPANY,      )
                        )
    Defendant/Appellee.    )


APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE WALTER C. KURTZ


For the Plaintiffs/Appellants:

Ronald H. Bice, Jr.
Nashville, Tennessee

For the Defendant/Appellee:

D. Randall Mantooth
Leitner, Warner, Moffitt, Williams,
    Dooley & Napolitan
Nashville, Tennessee


# AFFIRMED AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal concerns a seven-year-old girl who was injured when a decorative mirrored tile fell from a wall in a department store. The child and her parents filed a negligence action against the department store in the Circuit Court for Davidson County. The trial court granted the department store's motion for summary judgment. On this appeal, the child and her parents assert that summary judgment was improper because of factual disputes concerning the department store's knowledge of the mirrored tiles' condition and because the undisputed facts made out a prima facie case of liability under the doctrine of res ipsa loquitur. We affirm the summary judgment.

## I.

The Castner-Knott Dry Goods Company renovated the third floor of its Rivergate store in 1984. Part of these renovations, which were completed in December 1984, included the installation of mirrored tiles on the walls and soffits near the entrance to the beauty salon. The mirrored tiles on the soffits were approximately 20" wide and 30" long and were held in place with metal channels on their top and bottom and with mirror mastic on each corner.

The maintenance crew hired by Castner-Knott to clean its Rivergate store was responsible for cleaning the mirrored tiles at the entrance to the beauty salon every four to six weeks and for reporting any conditions requiring repair, including loose tiles, discovered during the cleaning process. While the cleaning crew never reported loose tiles in the salon area of its Rivergate store, Castner-Knott was aware that other types of mirrored tiles had fallen in other parts of the store and in other Castner-Knott stores. Neither the manager of the Rivergate store nor the employees of the beauty salon had ever noticed problems with the mirrored tiles near the beauty salon's entrance.

On June 22, 1993, seven-year-old Amanda Marie Smith accompanied her brother and grandfather to the beauty salon at Castner-Knott's Rivergate store in search of a present for her mother. While there, one of the mirrored tiles attached

to the soffit fell and struck her on her nose and left cheek below her eye, leaving a severe laceration. Neither the salon employees nor Miss Smith, her brother, or her grandfather observed anything unusual about the tile before it fell.

Miss Smith and her parents filed a negligence action against Castner-Knott. Castner-Knott filed an answer denying liability and asserting that the general contractor who performed the renovations and the material supplier who provided the mirrored tiles and metal channels and supervised their installation were responsible for Miss Smith's injury. Thereafter, Miss Smith and her parents filed an amended complaint naming the general contractor and material supplier as defendants along with Castner-Knott.

The trial court dismissed the claims against the general contractor and the material supplier based on the four-year statute of repose for improvements to real property. Thereafter Castner-Knott moved for summary judgment asserting that it did not install the mirrored tiles and that it did not have actual or constructive notice of their condition. Miss Smith and her parents responded by amending their complaint to assert res ipsa loquitur and by filing their own affidavits. In one of these affidavits, an architect opined that the mirrored panels "should have been inspected and tested for structural stability on a regular basis" and that "with proper maintenance any unstable panel would have been detected and should not have fallen." After permitting additional time for discovery, the trial court granted Castner-Knott's motion and dismissed the complaint.

## II.
### THE PREMISES LIABILITY CLAIM

Liability in premises liability cases does not arise solely from the ownership or control of the premises. *Underwood v. HCA Health Servs. of Tenn., Inc.,* 892 S.W.2d 423, 427 (Tenn. Ct. App. 1994). It arises from the superior knowledge the person in control of the premises has with regard to the condition of the premises. *McCormick v. Waters,* 594 S.W.2d 385, 387 (Tenn. 1980); *Kendall Oil Co. v. Payne,* 41 Tenn. App. 201, 205, 293 S.W.2d 40, 42 (1955). Thus, persons seeking to prevail with a premises liability claim must prove that the person in possession

and control of the premises either created the dangerous condition that caused the damages or had actual or constructive notice of the condition. *Beske v. Opryland USA, Inc.,* 923 S.W.2d 544, 545-46 (Tenn. Ct. App. 1996); *Ogle v. Winn-Dixie Greenville, Inc.,* 919 S.W.2d 45, 47 (Tenn. Ct. App. 1995).

The undisputed evidence demonstrates that Castner-Knott lacked actual or constructive notice that any of the mirrored tiles near the entrance to the beauty salon in its Rivergate store had loosened to the point where they could fall and strike persons standing below. No one connected with the store or the beauty salon could recall a mirrored tile at this location ever becoming dislodged. Likewise, the store personnel were not on constructive notice of the condition of these tiles even though they were aware that other types of mirrored tiles had become dislodged in other locations in the Rivergate store and at a Castner-Knott store in another state. These other tiles were dissimilar to the ones involved in this case and were not attached in the same manner.[1]

Even when we view the evidence in the light most favorable to Miss Smith and her parents, we find no genuine factual dispute that Castner-Knott neither created nor had actual or constructive notice of the condition that caused Miss Smith's injury. Accordingly, the trial court properly dismissed her premises liability claim on summary judgment.

### III.
### THE NEGLIGENT FAILURE TO INSPECT AND MAINTAIN CLAIM

In addition to the customary premises liability claim, Miss Smith and her parents assert that Castner-Knott owed a duty to its customers to inspect and test the structural integrity of the mirrored tiles on a regular basis and that the negligent failure to inspect its premises was a proximate cause of Miss Smith's injury. We have determined as a matter of law that Castner-Knott does not have a duty to monitor the structural integrity of its stores.

---

[1]Two-way mirrors used for security had fallen in other parts of the Rivergate store; however, these mirrors were not attached to the wall with mirror mastic but were supported by a frame that was not similar to the metal channels that held in place the mirrored tiles adjacent to the beauty salon's entrance.

The existence of a duty owed by the defendant to the plaintiff is an essential ingredient in every negligence case. *Doe v. Linder Constr. Co.,* 845 S.W.2d 173, 183 (Tenn. 1992); *Dooley v. Everett,* 805 S.W.2d 380, 384 (Tenn. Ct. App. 1990). The nature and scope of the defendant's duty in a particular case is a question of law. *McClung v. Delta Square Ltd. Partnership,* 937 S.W.2d 891, 894 (Tenn. 1996); *Blair v. Campbell,* 924 S.W.2d 75, 78 (Tenn. 1996). Accordingly, a motion for summary judgment is an appropriate vehicle for determining whether a particular defendant owed a duty to a particular plaintiff. *Nichols v. Atnip,* 844 S.W.2d 655, 658 (Tenn. Ct. App. 1992).

Owners and operators of business establishments are not insurers of their customers' safety. *Jones v. Zayre, Inc.,* 600 S.W.2d 730, 732 (Tenn. Ct. App. 1980). They do, however, owe a duty to their patrons to use reasonable care under all the circumstances. *Benson v. H.G. Hill Stores, Inc.,* 699 S.W.2d 560, 562 (Tenn. Ct. App. 1985). This duty includes (1) maintaining the premises in a reasonably safe condition, (2) inspecting the premises to discover dangerous conditions reasonably recognizable by common experience and ordinary prudence, and (3) either removing dangerous conditions or warning patrons of their presence. *Smith v. Inman Realty Co.,* 846 S.W.2d 819, 823 (Tenn. Ct. App. 1992); *see also Graves v. Grady's Inc.,* 906 S.W.2d 463, 465 (Tenn. Ct. App. 1995) (stating that a business must protect its customers from dangers it knows about or might discover with reasonable care).

The risk of defective construction materials or of the negligent construction of improvements to real property should not be placed on the owner of the property unless the owner knew of and accepted the defective materials or negligent work. It is undisputed in this case that Castner-Knott did not design or install the mirrored tiles or the decorative metal channels holding them in place and that Castner-Knott had no reason to know or even suspect that the mirrored tiles and metal channels were defective or improperly installed. As the owner of the premises, Castner-Knott was acting reasonably by assuming that its contractor and material suppliers constructed improvements to its store that would be reasonably safe for the purposes for which they were intended.

After the construction of the improvements to its Rivergate store, Castner-Knott had the duty to protect its customers from dangers that could be discovered by reasonable inspection. It is undisputed that Castner-Knott employees conducted general visual inspections of the store and that the cleaning crew hired by Castner-Knott was instructed to inform the store of any dangerous conditions that might be discovered during the cleaning process. These activities were reasonable in light of the condition of the premises and Castner-Knott's experience operating department stores. The law will not impose a duty on Castner-Knott to test the structural integrity of mirrored tiles in its stores without some credible evidence of other failures of the same type of mirrored tiles.[2]

## IV.
### THE RES IPSA LOQUITUR CLAIM

As a final matter, Miss Smith and her parents insist that the doctrine of res ipsa loquitur should have been sufficient to enable them to avoid the summary judgment and to present their case to a jury. We have determined that the doctrine of res ipsa loquitur is inapplicable to this case.

The res ipsa loquitur doctrine is nothing more than a specialized vehicle for considering the strength of circumstantial evidence in a negligence case. *Underwood v. HCA Health Servs. of Tenn., Inc.,* 892 S.W.2d at 426. Persons relying on the doctrine need not prove specific acts of negligence, *Summit Hill Assocs. v. Knoxville Utils. Bd.,* 667 S.W.2d 91, 96 (Tenn. Ct. App. 1983), but must present evidence sufficient to enable the finder-of-fact to conclude that the damage was caused, more likely than not, by the defendant's negligence rather than by any other cause. *Stinnett v. Wright,* 59 Tenn. App. 118, 126, 438 S.W.2d 357, 361 (1968). The doctrine does not apply in cases where the plaintiff's injury could reasonably have occurred even without the defendant's negligence.

---

[2]We are not unmindful that Miss Smith and her parents presented the affidavit of an architect who opined that Castner-Knott had the duty to inspect and test the structural stability of the mirrored tiles. We are not compelled to follow this opinion because the existence and scope of a duty is a question of law.

*Underwood v. HCA Health Servs. of Tenn., Inc.,* 892 S.W.2d at 427; *Fulton v. Pfizer Hosp. Prods. Group, Inc.,* 872 S.W.2d 908, 912 (Tenn. Ct. App. 1993).

Negligence cases containing only a spark or glimmer of evidence need not be submitted to the jury. *Ogle v. Winn-Dixie Greenville, Inc.,* 919 S.W.2d at 47. The undisputed evidence in this case is not strong enough for a reasonable finder-of-fact to conclude that Castner-Knott's negligence, more probably than not, caused Miss Smith's injuries. It is equally likely that the mirrored tile fell either because it was installed improperly or because the tile and its metal supporting channels were defective. Accordingly, the trial court properly concluded that the evidence would not permit a reasonable finder-of-fact to conclude that Miss Smith would not have been injured but for Castner-Knott's negligence.

## V.

We affirm the summary judgment and remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal to Charles Brent Smith and his surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
BEN H. CANTRELL, JUDGE