Alois GREER, Plaintiff-Appellant,

v.

Rex LAWHON, Individually and d/b/a Rex Lawhon Horticulture Spray Service, and Rex Lawhon Horticulture Spray Service, Inc., Defendants-Appellees.

Court of Appeals of Tennessee, Western Section.

April 9, 1980.

Certiorari Denied by Supreme Court June 23, 1980.

Allan J. Wade, Charles C. Harrell, Heiskell, Donelson, Adams, Williams & Kirsch, Memphis, for plaintiff-appellant.

J. Kimbrough Johnson, James E. Conley, Jr., Thomason, Crawford & Hendrix, Memphis, for defendants-appellees.

EWELL, Judge.

This is an action for damages allegedly resulting from defendants' negligent application of chemicals to the grass, plants, trees and shrubbery situated on the residential property of the plaintiff. The Trial Judge directed a verdict for defendants at the close of plaintiff's proof. The plaintiff appeals insisting that she made out a prima facie case sufficient to go to the jury.

In May of 1958 the plaintiff and her late husband purchased their residence located on South Parkway in Memphis, and a substantial amount of time, money and effort were invested over the years in developing and beautifying the lawn, both front and back. In the summer of 1977 plaintiff's sister, Mrs. Williams, contacted defendants to arrange for spraying on the premises. In her complaint plaintiff alleges that the services of defendants were engaged "for the purpose of spraying plaintiff's front and back lawn for insects which were developing to be a slight nuisance". At the trial plaintiff denied that the services were engaged for that purpose and insisted that her problem was limited to bag worms on two spruce trees located near the entrance to her private drive off South Parkway. In any event, defendants responded on August 16, 1977, by spraying plaintiff's trees, shrubs, grass and plants in her front and

back yards. The following morning plaintiff noticed that "things started turning brown". Within the next several days the situation worsened and eventually substantial portions of the vegetation sprayed by defendants withered and died.

The proof at trial consisted of the testimony of the plaintiff and George P. Atkins, landscape contractor. The plaintiff testified in detail concerning the facts and circumstances surrounding the incident. She stated that during the period of time in question to her knowledge the application made by defendants was the sole contact which her plants, shrubs, trees and grass had with any outside influence; and that following the spraying by defendants there was a visible change in the appearance and condition of the vegetation from that which had existed for a number of years. She expressed the opinion that her property had depreciated in value to the extent of $20,-000.00 to $35,000.00 based on the value before less value after the August 16 spraying. Atkins testified that he examined the property on September 5, 1977, to evaluate the damage and estimate replacement costs. He stated that he found the plants, shrubs, trees and grass in a bad physical condition and in various stages of deterioration. He attributed the condition to "being fed or sprayed, whatever you want to say, something that was applied—a material was applied to them that was a killer for the plant". Atkins testified that the cost of replacing the damaged items would total $9,866.50, including $5,165.50 for the front yard and $4,701.00 for the back yard.

At the conclusion of plaintiff's proof the attorney for defendants moved for a directed verdict "on the grounds that there is no proof as to negligence and, therefore, it would be inappropriate to proceed further". The Trial Court in granting the motion stated as follows:

> In this case the complaint specifically sets out that they violated the Tennessee Pest Control Act of 1972. There is no allegation in the complaint of res ipsa loquitur, the law being that res ipsa loquitur applies when there is no negli-

gence alleged. There is no proof here of the rates exceeding the state and federal labels. There's no proof to support the allegation that there is a violation of the Tennessee Code.

In paragraphs numbered seven, eight and twelve of her complaint plaintiff made general allegations of "negligent conduct"; "gross, willful and wanton negligence"; and "gross, willful and wanton acts of negligence". In paragraphs numbered nine, ten and eleven of the complaint plaintiff alleged the violation of the Tennessee Pest Control Operator's Act of 1972 (T.C.A. 62–2101 et seq.) and the regulations promulgated thereunder. As observed by the Trial Judge, plaintiff failed to prove any specific acts of negligence with respect to violation of state law or regulations promulgated thereunder. As to general negligence plaintiff's case is based largely, if not entirely, upon circumstantial evidence. She relies upon the circumstance that the vegetation in her yard was in good condition until sprayed by defendants and that thereafter there was general deterioration resulting in substantial damage. She offered no direct proof as to the chemicals applied by defendants.

■ If, as a matter of fact, the spraying by defendants caused the deterioration, the doctrine of *res ipsa loquitur* applies and, in the absence of a reasonable and satisfactory explanation, the jury may infer negligence. But this doctrine cannot serve as a substitute for proof that the spraying caused the damage because the plaintiff must place the instrumentality causing the harm under the exclusive control and management of defendants before *res ipsa loquitur* applies at all. *Johnson v. Ely*, 30 Tenn.App. 294, 205 S.W.2d 759 (1947).

■ It was not necessary that plaintiff specifically plead the doctrine of *res ipsa loquitur* in her complaint. See Rules 8 and 9, Tennessee Rules of Civil Procedure and *Provident L. and A. Ins. Co. v. Professional Cleaning Serv.*, 217 Tenn. 199, 396 S.W.2d 351 (1965). By alleging both general negligence and specific acts of negligence in her complaint plaintiff did not waive the right

to rely upon the doctrine of *res ipsa loquitur*. It is well settled law in this state in a case where the doctrine of *res ipsa loquitur* is applicable the plaintiff does not lose the benefit of it by alleging specific acts of negligence which she fails to prove. *Oliver v. Union Transfer Co.*, 17 Tenn.App. 694, 71 S.W.2d 478 (1934); *Murray v. Patterson*, 18 Tenn.App. 30, 72 S.W.2d 558 (1934); *Southeastern Aviation v. Hurd*, 209 Tenn. 639, 355 S.W.2d 436 (1962); *Nashville Interurban Ry. Co. v. Gregory*, 137 Tenn. 422, 193 S.W. 1053 (1917).

 In considering defendants' motion for a directed verdict the Trial Court was required to look to all the evidence, to take as true the evidence for plaintiff, to discard all countervailing evidence, to take the strongest legitimate view of the evidence for plaintiff, to allow all reasonable inferences from it in her favor; and if then there is any dispute as to any material determinative evidence, or any doubt as to the conclusion to be drawn from the whole evidence, the motion must be denied. *Smith v. Sloan*, 189 Tenn. 368, 225 S.W.2d 539 (1949).

From plaintiff's proof it is undisputed that the vegetation in her yard was in good condition prior to the spraying by defendants and that thereafter it rapidly deteriorated. There was no proof that any other person had been about the premises during the period of time in question. From these circumstances we think that reasonable minds might find as a fact that the damage to the vegetation resulted from the chemicals applied thereto by defendants. Any fact may be proved by direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. *Crowe v. Provost*, 52 Tenn.App. 397, 374 S.W.2d 645 (1963). Such a finding would carry with it the inference under the *res ipsa loquitur* doctrine that defendants were guilty of negligence. See *Southern Gas Corporation v. Brooks*, 50 Tenn.App. 1, 359 S.W.2d 570 (1961). When the prerequisites of the doctrine of *res ipsa loquitur* are met the defendant must come forward with explanatory proof. *Parker v. Warren*, 503 S.W.2d 938 (Tenn.App.1974).

We hold that it was for the jury to weigh the probabilities in the light of all the proof and determine the weight of the inferences to be reasonably drawn from the circumstances relied upon by plaintiff. In general the weight of an inference to be drawn from the evidence, as well as the explanation offered to meet the inference, is for the determination of the jury. *Johnson v. Ely, supra*.

It results that the Trial Judge erred in directing a verdict for the defendants at the conclusion of plaintiff's proof. The action of the Trial Judge in so doing is reversed and the case is remanded to the Trial Court for a new trial consistent with this Opinion. The costs of appeal will be assessed against the defendants-appellees. All costs in the Trial Court shall abide the decision of that Court in the new trial.

NEARN and SUMMERS, JJ., concur.