Lois M. DREWRY, Plaintiff-Appellee,

v.

The COUNTY OF OBION; Lester Hailey, Hamp Yarbrough, Charles Vaughn, Oscar Faulkner, Bill Forrester, Buddy Roberson and Arch Higby, In Their Official Capacity as Board of Governors of The Obion County General Hospital; and The Obion County General Hospital, Defendants-Appellants.

Court of Appeals of Tennessee, Western Section, at Jackson.

April 28, 1981.

Application for Permission to Appeal Denied by Supreme Court June 29, 1981.

**398**

James M. Glasgow, Union City, for defendants-appellants.

C. W. Miles, III, Union City, for plaintiff-appellee.

NEARN, Judge.

This is an appeal from a judgment for the alleged negligence of the County of Obion, the Obion County General Hospital and its Board of Governors, the defendants in a medical malpractice action, brought by the plaintiff, Drewry, a patient in the Obion County General Hospital.

Suit was filed by Mrs. Drewry who had been hospitalized in the defendant Hospital for a thyroid deficiency. As part of her treatment she was being intravenously given calcium by hospital nurses. The injection was made in the top of plaintiff's hand.

Mrs. Drewry testified that soon after the needle was injected, her hand began to burn, swell, and hurt badly, and she so informed the nurses who did nothing to help her. She was then discharged from the hospital. This painful sensation continued with increasing severity through the night, and she was finally taken to the emergency room. Her condition worsened, and a large sore developed, which subsequently caused scarring to her hand and certain loss of use thereof.

Plaintiff complained that because of this injury she can no longer sew or type, that she has trouble doing house work, and is permanently handicapped.

Plaintiff's theory was that the injection of the calcium solution leaked or was given into the tissues of her hand, and the nurses negligently failed to remove the needle or give aid to her. However, no medical proof was introduced. Only the testimony of Drewry and the hospital administrator, Mr. Hogan, who has no medical training was introduced by plaintiff.

Relying upon the doctrine of *res ipsa loquitur*, the Trial Judge sitting without a jury, awarded judgment in favor of the plaintiff in the amount of $3,500.00.

He erred in so doing.

 The plaintiff's proof in this case suffers the same infirmity as that in *German v. Nichopoulos* (1978 Tenn.App.W.S.) 577 S.W.2d 197. In the case now before us there is no medical testimony as to any negligence in the administration of the injection. Even if negligence could be supplied in this case by application of the doctrine of *res ipsa loquitur* (which we hold cannot be so supplied), it is of no avail. Proof of negligence supplied either by direct proof or by the doctrine of *res ipsa loquitur* establishes only proof of negligence. It does not supply proof of causation. Proof of negligence without proof of causation is nothing. There is no medical testimony regarding the cause of plaintiff's complaints or her alleged loss of use of her hand. In this case in order for plaintiff to recover, the trier would have to assume or presume both negligence and causation. There is no need to further expound upon the matter. Those interested in a more detailed discussion of the legal principles involved, see the case of *German v. Nichopoulos, supra* which fits this case like a glove.

Accordingly, the judgment below is reversed and the case dismissed with costs below and in this Court adjudged against plaintiff-appellee for which execution may issue, if necessary.

Done at Jackson in the two hundred and fifth year of our Independence and in the one hundred and eighty-sixth year of our Statehood.

MATHERNE, J., and STEGALL, Special Judge, concur.