Jeffrey **BOYATT, Individually and as Next Friend of Wesley Boyatt, a Minor, and Cherie Hope Boyatt, Plaintiffs-Appellees,**

v.

James C. **YANCEY and wife, Nella Pha Yancey, Defendants-Appellants.**

Court of Appeals of Tennessee, Eastern Section.

Jan. 16, 1987.

Permission to Appeal Denied by Supreme Court Aug. 3, 1987.

Stephen A. Marcum, with Baker, Worthington, Crossley, Stansberry & Woolf, Huntsville, for defendants-appellants.

Sidney R. Seals, with Sexton, Sexton, Beaty & Seals, Oneida, for plaintiffs-appellees.

## OPINION

SANDERS, Judge.

The Defendants have appealed from a jury verdict awarding damages for personal injuries to the Plaintiffs predicated upon the doctrine of *res ipsa loquitur*.

The Defendants-Appellants, James C. Yancey and his wife Nella Pha Yancey, are dairy farmers in Scott County. Some six years prior to the accident which is the basis of this litigation, a producing natural gas well was drilled on the Defendants' farm. The Defendants ran a pipeline several hundred feet from the well to a point adjacent to their barn where they installed pressure tanks and a compressor for the purpose of selling compressed natural gas for use in automobiles, trucks, tractors, etc. Before a motor vehicle can be run on compressed natural gas it must be equipped with special high-pressure tanks, carburetor converter, etc. The Defendants also ran a low-pressure line into the barn which supplied gas for two gas heaters.

The Defendants had some 20 to 25 customers in the community who had vehicles equipped with the necessary conversion equipment to use the compressed natural gas. The Defendants used what they called an honor system whereby the customers could go to their place any time during the day or night and fill their vehicles, sign a ticket showing the amount of gas they had received and leave it in an office in the barn.

On the night of the accident the Plaintiff-Appellee, Jeffrey Boyatt, who had his six-month-old son in his pickup truck, stopped at the Defendants' place to refuel his truck. It was about ten o'clock p.m. and there was no one else on the premises. He lifted the hood of his truck, took the "probe," or line, leading from the Defendants' pressure tank, inserted it into the system on his truck, turned the valve on the line and began filling the pressure tanks on his truck. He had been in the process of re-fueling his truck for about 15 minutes when he heard "a swoosh," felt heat behind him and saw a fire along the side of the barn behind him. At that point he reached through the truck door, which was already partly open, and grabbed his son who was still in his carrier, ran to the back of his truck and to safety. He and his son received burns on their upper torsos, heads, necks, faces and arms.

Mr. Boyatt filed suit, both individually and as next friend for his infant son, Wesley, for personal injuries and Mrs. Boyatt sued for loss of consortium. In their complaint the Plaintiffs alleged Defendants "failed to maintain and properly inspect the natural gas heaters located inside the barn which resulted in the accumulation of natural gas within said barn which was the source of the fire" and "failed to maintain and inspect the pumping station located adjacent to said barn which resulted in the accumulation of natural gas within the immediate area of your plaintiffs' vehicle and resulted in the source of said fire."

The Defendants denied they were guilty of any acts of negligence. After taking the Plaintiffs' discovery depositions they filed a motion for summary judgment. In support of their motion for summary judgment they filed portions of Mr. Boyatt's discovery deposition. His testimony was to the effect that he didn't know what happened. He didn't know of any other witnesses nor did he know of anything the Defendants did that was wrong or negligent.

The Plaintiffs responded by saying they were relying upon the doctrine of *res ipsa loquitur*.

The trial judge overruled the motion and the case was tried before a jury.

Upon the trial of the case Mr. Boyatt testified he did not know what caused the fire, where it started, or anything the Defendants did that was wrong or negligent. There were no other witnesses offered by the Plaintiffs to testify as to causation of the fire.

The Defendants moved for a directed verdict at the conclusion of the Plaintiffs'

proof and again at the close of all of the proof, which was overruled by the court.

The Defendants offered proof that their gas system was in good condition. They inspected it several times per day, checking for leaks. On the day of the accident they had inspected it several times, the last inspection being about six o'clock in the evening prior to the fire which occurred about ten o'clock at night. Their proof showed the system was used regularly by their other customers. They also offered an expert witness who was an expert in gas fires, who testified that, based on his analysis and investigation, he was of the opinion the fire started at the Plaintiff's truck.

The jury found the issues in favor of the Plaintiffs and returned a total verdict of $35,500.

The Defendants filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The motion was overruled and they have appealed.

They present five issues for review but we think the second one is controlling—that "the trial court erred in denying defendants' motion to direct a verdict in their favor at the close of plaintiffs' case and at the close of all of the evidence."

Since the source from which the gas came, which was responsible for the fire, was unknown and no acts of negligence by the Defendants were shown, the Plaintiffs relied on the doctrine of *res ipsa loquitur*. However, we find that one of the essential elements necessary for the doctrine of *res ipsa loquitur* to be applicable is missing in the case at bar and that is that the instrumentality causing the injury must be under the exclusive management and control of the Defendants. In the case of *Provident L & A Ins. Co. v. Professional Clean. Serv.*, 217 Tenn. 199, 396 S.W.2d 351 (1965), Justice White, speaking for the court and addressing the issue of *res ipsa loquitur*, said:

One of the leading cases on the doctrine is that of *Casenburg v. Lewis*, 163 Tenn. 163, 40 S.W.2d 1038 (1931), prepared for the Court by Mr. Justice Cook, in which it was held that the doctrine is applicable if the instrument that produces an injury is under the exclusive control of the defendant and the injury would not ordinarily result if proper care were exercised. The fact of the injury under such circumstances makes out a prima facie case of negligence and in the absence of countervailing explanatory proof to overcome the prima facie case liability will follow.

396 S.W.2d 354.

Also see *Stinnett v. Wright*, 59 Tenn.App. 118, 438 S.W.2d 357 (1968) and *Greer v. Lawhon*, 600 S.W.2d 742 (Tenn.App.1980).

In the case of *Towle v. Phillips*, 180 Tenn. 121, 172 S.W.2d 806 (1943) the plaintiff was suing for the death of her husband who was killed when the airplane, owned and operated by George Webb, crashed. Webb was also killed in the accident. In holding that *res ipsa loquitur* was not applicable, the Supreme Court, speaking through Chief Justice Green, said:

One essential for the application of res ipsa loquitur is that the instrumentality or thing which caused the accident must have been under the sole control, the exclusive management, of the defendant. Such was not the case here. This airplane had dual controls, one before each seat, and it could be operated with either set of controls. It is not shown that the controls in front of the passenger were disconnected. So it is plain that the course of the machine might have been directed by Towle as well as by Webb. Webb did not have exclusive control and the rule relied on is not to be invoked against him.

172 S.W.2d 808.

In the case of *Greer v. Lawhon, supra,* this court, in addressing the doctrine of *res ipsa loquitur*, said:

But this doctrine cannot serve as a substitute for proof ... because the plaintiff must place the instrumentality causing the harm under the exclusive control and management of defendants before *res ipsa loquitur* applies at all. *Johnson v. Ely*, 30 Tenn.App. 294, 205 S.W.2d 759 (1947).

600 S.W.2d 744.

In the case at bar it was the gas that had escaped from its container that created the

**108**

fire which injured the Plaintiffs. At the very moment of the accident Mr. Boyatt was in the process of transferring that gas from the compression tank of the Defendants to the pressure tanks in his truck. He had also been conducting this operation for some 15 minutes before the fire occurred. There is no way of knowing whether the gas leaked from the facilities belonging to the Defendants or from the pressure tanks of the Plaintiff's truck or from the connection made by Mr. Boyatt of the hose, or "probe," leading from Defendants' pressure tank to his truck. Since the instrumentality which caused the injury was not under the exclusive control of the Defendants at the time of the accident, it was error for the trial court not to direct a verdict in favor of the Defendants.

The judgment of the trial court is reversed and the case dismissed. The cost of this appeal is taxed to the Appellees.

PARROTT, P.J., and FRANKS, J., concur.