IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 8, 2016 Session

**EWIN B. JENKINS** ET AL. **v. BIG CITY REMODELING** ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Sevier County**
**No. 13-CV-296-IV    O. Duane Slone, Judge**
_____

**No. E2014-01612-SC-R11-CV – Filed April 5, 2017**
_____

At issue in this appeal is the liability of a general contractor and two flooring subcontractors for damages sustained by the plaintiffs when a fire destroyed their partially completed house. The plaintiffs alleged that the negligence of the general contractor and the subcontractors caused the fire and that the general contractor had breached the construction contract. The trial court granted summary judgment to the general contractor, holding that the plaintiffs could not rely on res ipsa loquitur to establish an inference of negligence; granted summary judgment to the subcontractors based on the plaintiffs' failure to prove that any negligence of the subcontractors caused the fire; and granted summary judgment to the general contractor based on evidence that the plaintiffs were the first party to materially breach the construction contract. The Court of Appeals, in a divided opinion, affirmed summary judgment to the general contractor based on the inapplicability of res ipsa loquitur; and reversed summary judgment to the subcontractors on the negligence claim and to the general contractor on the breach of contract claim, finding genuine issues of disputed material fact. We hold that the plaintiffs cannot rely on res ipsa loquitur because they did not produce sufficient evidence that the general contractor was in exclusive control of the specific cause or all reasonably probable causes of the fire. We further hold that the plaintiffs did not produce sufficient evidence to establish that any negligence of the subcontractors was the cause in fact of the fire. For these reasons, the general contractor and flooring subcontractors are entitled to summary judgment on plaintiffs' claims based on negligence and breach of contract. We affirm the trial court's grant of summary judgment.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals**
**Affirmed in Part and Reversed in Part**

SHARON G. LEE, J., delivered the opinion of the Court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

Clinton J. Woodfin and Douglas R. Bergeron, Knoxville, Tennessee, for the appellants, Henson & Associates Flooring, Inc. and Julian Luu, doing business as Quality Hardwood Floors.

Ellis A. Sharp and Jon M. Cope, Knoxville, Tennessee, for the appellee, Big City Remodeling.

Arthur G. Seymour, Jr. and Matthew A. Grossman, Knoxville, Tennessee, for the appellees, Ewin B. Jenkins and Janet B. Jenkins.

**OPINION**

**I.**

In October 2011, Ewin B. Jenkins and Janet B. Jenkins contracted with Big City Remodeling to construct a house in Sevier County. Big City Remodeling subcontracted the hardwood flooring work to Henson & Associates Flooring, Inc., who subcontracted the work to Julian Luu, doing business as Quality Hardwood Floors.

On October 31, 2012, the partially completed house and its contents were destroyed by fire. The plaintiffs, Mr. and Mrs. Jenkins, sued the general contractor, Big City Remodeling, and the flooring subcontractors, Henson & Associates Flooring, Inc. and Julian Luu, doing business as Quality Hardwood Floors, for damages. The plaintiffs alleged that the fire was caused by the negligence of the general contractor and the subcontractors. The plaintiffs relied on res ipsa loquitur to establish an inference of negligence as to the general contractor. The plaintiffs also asserted that the general contractor breached its contractual obligation to perform in a workmanlike manner based on the alleged negligence of the subcontractors.

The general contractor filed motions for summary judgment, arguing, in part, that the plaintiffs could not prove the general contractor was negligent and had exclusive control over the premises. The general contractor relied on deposition testimony of the plaintiffs' expert witnesses that the fire started on Halloween night, a time when a lot of fires occur, including fires that are intentionally set; the fire started on the outside of the house on the back deck; the cause of the fire could not be determined; and possible causes of the fire were arson, improperly discarded cigarettes, electrical issues, and spontaneous combustion of rags. The general contractor further relied on deposition testimony and statements that the property was not fenced; anyone could have accessed

- 2 -

the back deck where the fire started; the general contractor did not have exclusive control of the deck; and the plaintiffs and other construction workers had access to the house. The general contractor also contended that plaintiffs' breach of contract claim failed because the plaintiffs were the first party to materially breach the contract due to their failure to obtain builder's risk insurance.

The plaintiffs responded, in part, that at the time of the fire, the general contractor had or should have had exclusive control of the property and control of the job site; on the day of the fire, the plaintiffs were not on the property and did not have control of the job site; the general contractor could have installed a fence around the property; there was no credible evidence of arson; and the failure of the plaintiffs to purchase insurance coverage was not a material breach of the contract.

The subcontractors filed a motion for summary judgment, arguing the plaintiffs could not show that the conduct of the subcontractors was the cause in fact of the fire. The subcontractors relied on deposition testimony and statements from the plaintiffs' expert witnesses that the fire started on the rear exterior of the house; the cause of the fire could not be determined; arson could not be ruled out as a possible cause of the fire; the fire occurred on Halloween night when a lot of fires occur, including fires that are intentionally set; other possible causes of the fire included improperly discarded cigarettes, electrical issues, and spontaneous combustion of rags; and there was no evidence of cigarette butts in the back yard. In addition, the subcontractors relied on statements that no combustible materials were located at the point where the fire started; subcontractor Mr. Luu did not store any materials on the back deck; the property was not fenced and the back deck was accessible to anyone; explosive materials, such as polyurethane, paint thinner, and Rust-Oleum were stored in the garage; improperly discarded rags were found in a dumpster located across the street from the house; a number of other construction workers were on the job site the week of the fire and knew the location of a key hidden at the back of the house; and a painting subcontractor was working at the house on the day of the fire.

The plaintiffs responded with deposition testimony and statements that, on the day of the fire, subcontractor Mr. Luu and/or his crew handled flammable substances in the vicinity of the garage and back porch; on the day of the fire they had smoked cigarettes in the vicinity of the garage and were the only people known to smoke on the premises; on previous days, they had smoked cigarettes in the area of the back deck; they used rags to apply stain to the floors, which they admitted could have started the fire if improperly discarded; they were the last people to leave the house on the day of the fire; they locked the house when they left; it is unlikely an arsonist could have approached the house without being seen on a neighbor's surveillance camera; there was no positive evidence

that arson caused the fire; and on the day of the fire, the plaintiffs were not on the property.

The trial court granted the general contractor and subcontractors' motions for summary judgment, finding res ipsa loquitur was not applicable to establish an inference of the general contractor's negligence because the plaintiffs failed to show that they were injured by any instrumentality that was within the exclusive control of the general contractor and failed to prove the cause of the fire. The trial court further determined there was no genuine issue of material fact with regard to the allegations of negligence as to the general contractor and the subcontractors; there was no proof as to the cause of the fire; and the breach of contract claim failed because plaintiffs had materially breached the contract by not acquiring builder's risk insurance before any alleged breach by the general contractor occurred. The plaintiffs appealed.

A majority of the Court of Appeals affirmed in part and reversed in part the trial court's decision. *Jenkins v. Big City Remodeling*, No. E2014-01612-COA-R3-CV, 2015 WL 5695177 at *1 (Tenn. App. Sept. 29, 2015). The Court of Appeals agreed with the trial court that res ipsa loquitur did not apply because the plaintiffs failed to prove that the premises were within the general contractor's exclusive control, that a duty to exercise exclusive control existed by the terms of the construction contract, or that the premises were inaccessible by other parties, including the general public. *Id.* at *6. The Court of Appeals reversed the trial court's decision regarding causation, finding disputed questions of material fact regarding the negligence of the subcontractors based on evidence that they had improperly disposed of flammable rags and cigarette butts and whether their negligence caused the fire. *Id.* at *8. Based on this ruling, the Court of Appeals reversed summary judgment as to the plaintiffs' breach of contract claim, finding there were disputed issues of material fact as to whether the plaintiffs had first materially breached the contract. *Id.* at *9–10. Chief Judge Charles D. Susano, Jr. concurred in part and dissented in part, concluding that the plaintiffs produced evidence that the conduct of the subcontractors possibly caused the fire but failed to submit proof that their conduct more likely than not caused the fire. *Id.* at *11 (Susano, C.J., dissenting). For this reason, he would have affirmed the trial court's grant of summary judgment on all issues.

We granted the subcontractors' application for permission to appeal. We now review whether the plaintiffs submitted sufficient evidence for res ipsa loquitur to apply and establish an inference of negligence as to the general contractor; whether the plaintiffs submitted sufficient evidence that any negligence of the subcontractors was the cause in fact of the fire; and whether there is sufficient evidence for the plaintiffs to proceed with the breach of contract claim against the general contractor.

- 4 -

## II.

### *Standard of Review*

The issues we review involve the trial court's grant of summary judgment. We review a trial court's decision on a motion for summary judgment de novo with no presumption of correctness. *Tatham v. Bridgestone Ams. Holding, Inc.*, 473 S.W.3d 734, 748 (Tenn. 2015) (citing *Parker v. Holiday Hospitality Franchising, Inc.*, 446 S.W.3d 341, 346 (Tenn. 2014)). Our de novo review requires us to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013)), *cert. denied*, 136 S. Ct. 2452 (2016).

A trial court should grant a motion for summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (citing Tenn. R. Civ. P. 56.04). A party who moves for summary judgment, but does not have the burden of proof at trial, may satisfy its burden of production under Rule 56 by "affirmatively negating an essential element of the nonmoving party's claim or . . . by [showing] that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Id.* at 264. Where the moving party asserts that the nonmoving party's evidence is insufficient as a matter of law, the moving party cannot rely on conclusory statements but must affirmatively show that the required evidence is not in the record. *Id.* at 264–65.

### *Negligence Claim against General Contractor*

The plaintiffs, lacking direct proof of the general contractor's negligence, relied on the evidentiary principle of res ipsa loquitur to establish an inference of negligence. Res ipsa loquitur is a Latin phrase meaning "the thing speaks for itself." *Sweeney v. Erving*, 228 U.S. 233, 238 (1913); *see also Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 91 n.7 (Tenn. 1999); *Lewis v. Casenburg*, 7 S.W.2d 808, 811 (Tenn. 1928). In negligence actions, res ipsa loquitur was first referenced in a nineteenth-century English case where a barrel of flour rolled out of a window of the defendant's warehouse and fell on a passing pedestrian.[1] The injured pedestrian could prove no specific acts by the warehouse owner that caused the flour barrel to roll out of the window but successfully

---

[1] *Byrne v. Boadle*, (1863) 159 Eng. Rep. 299 (Exch.), 2 H. & C. 722.

argued this was the sort of event that did not ordinarily happen in the absence of negligence and the barrel was under the control of the warehouse owner.

This evidentiary principle assists a plaintiff by furnishing circumstantial evidence of negligence when direct evidence may be lacking. *Sweeney*, 228 U.S. at 240; *Provident Life & Accident Ins. Co. v. Prof'l Cleaning Serv., Inc.*, 396 S.W.2d 351, 356 (Tenn. 1965). Over the years, res ipsa loquitur has been relied on by plaintiffs in Tennessee in a variety of contexts. *See, e.g.*, *Seavers*, 9 S.W.3d at 96–97 (patient sustained nerve damage while sedated in a hospital); *Browder v. Pettigrew*, 541 S.W.2d 402, 406–07 (Tenn. 1976) (collapse of the frame supporting a vehicle's wheel); *Coca Cola Bottling Works, Inc. v. Crow*, 291 S.W.2d 589, 591 (Tenn. 1956) (soft drink bottle exploded causing injury); *Shivers v. Ramsey*, 937 S.W.2d 945, 948–49 (Tenn. Ct. App. 1996) (passenger in a tow truck injured when the driver lost control of the vehicle); *Franklin v. Collins Chapel Connectional Hosp.*, 696 S.W.2d 16, 20 (Tenn. Ct. App. 1985) (thermal burns suffered, presumably from scalding bath water, while the patient was in the care of a nursing home); *Roberts v. Ray*, 322 S.W.2d 435, 437 (Tenn. Ct. App. 1958) (parked car rolled down an incline and into plaintiff's place of business).

When res ipsa loquitur applies, it allows, but does not require, the fact finder to infer negligence from the circumstances of the injury. *Sweeney*, 228 U.S. at 240; *Seavers*, 9 S.W.3d at 91; 1 Dan B. Dobbs et al., *The Law of Torts* § 169 (2d ed. 2011) [hereinafter The Law of Torts]. The plaintiff, by relying on res ipsa loquitur to establish an inference of negligence, does not get a free pass on the burden of proof, nor does the burden of proof shift to the defendant. The plaintiff must submit evidence that establishes a rational basis for finding that the plaintiff's injury was probably the result of the defendant's negligence. *The Law of Torts* § 169. The plaintiff need not eliminate all other possible causes but must show that the defendant's negligence was more probable than any other cause. *Provident Life*, 396 S.W.2d at 356 (quoting *Roberts*, 322 S.W.2d at 437); Restatement (Second) of Torts § 328D cmt. e (1965); *see also Burton v. Warren Farmers Coop.*, 129 S.W.3d 513, 523 n.4 (Tenn. Ct. App. 2002). The trial court determines if the plaintiff has established a sufficient foundation for res ipsa loquitur to apply. *See* W. Page Keeton et al., *Prosser and Keeton on Torts* § 39, at 243 (5th ed. 1984).

To rely on res ipsa loquitur, a plaintiff must show that (a) the event that caused the injury is of a kind that ordinarily does not occur in the absence of negligence; (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (c) the negligence is within the scope of the defendant's duty to the plaintiff. Restatement (Second) of Torts § 328D(1); *Provident Life*, 396 S.W.2d at 355–56 (quoting Restatement (Second) of Torts § 328D); *Burton*, 129 S.W.3d at 524–25. The plaintiff may establish part (b) by showing that the specific cause for the event was under the defendant's control or that the defendant was

responsible for all reasonably probable causes to which the event can be attributed. Restatement (Second) of Torts § 328D(1)(b) cmt. g. The essential question is whether "the probable cause is one which the defendant was under a duty to the plaintiff to anticipate or guard against." *Id.*

Res ipsa loquitur has been applied in fire loss cases in Tennessee and other jurisdictions where the exact cause of the fire is not identified but the evidence shows that the defendant had exclusive control over the premises or the instrumentality that caused the fire. *See Provident Life*, 396 S.W.2d 351 (a fire started in an elevator after the defendant cleaning service placed in the elevator a vacuum cleaner and waste paper and trash that included the contents of ash trays; and the elevator, vacuum cleaner, and trash were in the exclusive control of the defendant at the time of the fire); *Olswanger v. Funk*, 470 S.W.2d 13 (Tenn. Ct. App. 1970) (a fire started on a couch in a locked apartment about thirty minutes after the defendants had left the apartment; the apartment and the couch were under the exclusive control of the defendants; the defendants admitted they smoked cigarettes; and the cause of the fire was unknown but defective wiring and appliances were ruled out as a cause of the fire); *S. Gas Corp. v. Brooks*, 359 S.W.2d 570 (Tenn. Ct. App. 1961) (a fire started inside a church about two hours after the defendant installed two propane furnaces and lit the pilot lights; no one was inside the church from the time the defendant left the church and when the fire started; and the defendant was in exclusive control of the gas burning equipment at the time the fire started); *Megee v. Reed*, 482 S.W.2d 832 (Ark. 1972) (a fire inside a closed and locked body shop where the defendant had left his vehicle for repairs; there was no proof of arson or an electrical storm; the fire started in an area where a stove pilot light was left burning and that contained highly flammable and combustible substances; and the body shop, the pilot light, and the flammable substances were in the exclusive control of the defendant); *Seeley v. Combs*, 416 P.2d 810 (Cal. 1966) (a fire started in the plaintiff's barn around the defendant's truck while the defendant was backing his truck into a confined space surrounded by bales of dry hay stacked to the rafters; and the barn, hay, and truck were in the defendant's exclusive control); *Real Estate Mgmt. Corp. v. Imperial Plumbing & Heating Co.*, 512 P.2d 1169 (Colo. App. 1973) (a fire started inside a building close to an area where the defendant's employees had been using acetylene torches to solder pipe adjacent to wood framing; the torches were under the defendant's exclusive control; and expert testimony established that the probable cause of the fire was the use of the torches to solder pipes, ruling out the possibility that the fire was caused by electricity or arson); *Schurgast v. Schumann*, 242 A.2d 695 (Conn. 1968) (a fire inside a partially constructed house was discovered around a kerosene stove used by the defendant's employees; only the defendant and his employees had a key to the house; only the defendant's employees were in the house at the time of the fire; and the house and the stove were under the defendant's exclusive control); *Heastie v. Roberts*, 877 N.E.2d 1064 (Ill. 2007) (a fire was discovered in a closed hospital room where an intoxicated and physically restrained

patient had been placed; the cause of the fire was not identified; and the defendant had exclusive control of the room where the patient was restrained and where the fire started); *Phoenix of Hartford Ins. Cos. v. League, Inc.*, 293 N.E.2d 58 (Ind. Ct. App. 1973) (a fire was discovered in a utility closet in a vacant apartment; before the fire started, the defendant's employee had used a torch to repair a leak in an area near the origin of the fire; expert testimony showed that the fire was caused by the use of the torch; there was no electricity in the area of the fire; the only people in the apartment with a hot torch and open flame were the defendant's employees; and the torch that caused the fire was in the defendant's exclusive control); *Nw. Mut. Fire Ass'n v. Allain*, 77 So. 2d 395 (La. 1954) (a fire started while the defendant's workers were using a blowtorch to remove paint from a frame structure; and the blowtorch that caused the fire was under the exclusive control of workers); *St. Paul Fire & Marine Ins. Co. v. Watkins*, 495 P.2d 265 (Or. 1972) (a fire started in an electrical panel while the defendant was working on the panel; an electrical panel does not ordinarily burst into flames unless some foreign object is introduced into it; and the defendant was the only person in the room at the time of the fire and had exclusive control over the panel).

Courts have held that res ipsa loquitur is not applicable in fire loss cases where the defendant is not shown to have exclusive control of the cause of the fire. In *Boyatt v. Yancey*, a fire started as the plaintiff was filling pressure tanks on his truck from the defendant's pressure gas tanks and line. 736 S.W.2d 105, 106 (Tenn. Ct. App. 1987). Only the plaintiff and his young son were present at the time of the fire. About four hours before the fire started, the defendant had inspected the gas system and determined it was in good condition. *Id.* at 107. The court concluded that the fire was caused by gas leaking from a container, but there was no proof as to whether the gas leaked from the defendant's tank, the plaintiff's tank, or from the connection made by the plaintiff with the hose from the defendant's tank to his pressure tank. *Id.* at 107–08. The court ruled that res ipsa loquitur was not applicable because the instrumentality that caused the fire was not under the exclusive control of the defendant. *Id.* at 108. In *Investors Real Estate Trust Properties v. Terra Pacific Midwest, Inc.*, a fire destroyed a partially completed building. 686 N.W.2d 140, 142–43 (N.D. 2004). The probable cause of the fire was not determined, but possible causes were arson, electrical, gas, or spontaneous combustion. *Id.* at 145. The court rejected the plaintiff's argument that because the defendant builder had control over the building and the job site, it had control over the instrumentality that caused the fire. *Id.* at 146. The court held that res ipsa loquitur was not applicable because the plaintiffs offered mere speculation as to the cause of the fire and failed to present evidence that the instrumentality that caused the fire was in the exclusive control of the defendant. *Id.* (quoting *Victory Park Apartments, Inc. v. Axelson*, 367 N.W.2d 155, 159–60 (N.D. 1985)).

Our focus here is whether the plaintiffs sufficiently eliminated other responsible causes of the fire, including the conduct of third parties, by showing that the general contractor had exclusive control over the cause of the fire or all reasonably probable causes. After a thorough review of the record and applicable authorities, we conclude that the plaintiffs failed to produce sufficient evidence of the general contractor's exclusive control.

On Halloween night, a fire started on the back deck of the plaintiffs' house. The deck was connected by a set of steps to the unfenced back yard that was accessible to the public. The cause of the fire was never determined. Possible causes of the fire included arson, electrical wiring, an improperly discarded cigarette, or spontaneous combustion of rags. None of these possible causes was shown to be more probable than any other cause. No one was at the house at the time of the fire. Subcontractor Mr. Luu and his crew had left the house about two hours before the fire. Nearby video surveillance footage did not show anyone approaching, leaving, or loitering around the front of the house before the fire started. The plaintiffs and various construction workers had access to the house. The general contractor had contractual control over the job site, but there was no proof that the general contractor had exclusive control over the cause or any reasonably probable cause of the fire.

The fire that destroyed the plaintiffs' house was unfortunate and unexplained. We cannot infer that the general contractor was negligent because a fire of unknown origin started on the exterior of a house that was accessible to the public. The plaintiffs cannot rely on res ipsa loquitur to establish an inference of negligence because they failed to prove that the general contractor was in exclusive control of the cause of the fire or all reasonably probable causes of the fire. The trial court properly granted summary judgment to the general contractor on this issue.

*Negligence Claim against Subcontractors*

To establish their negligence claim against the subcontractors, the plaintiffs had to prove the subcontractors owed a duty of care to the plaintiffs, a breach of that duty, cause in fact, proximate cause, and injury. *Parker*, 446 S.W.3d at 350 n.7 (quoting *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 355 (Tenn. 2008)). Here, the primary issue is whether the plaintiffs offered sufficient evidence that the subcontractors' negligence was the cause in fact of the fire. This was a daunting task as the fire occurred in the evening when the house was vacant, on an exterior deck that was accessible to the public, and there were possible causes for the fire other than the subcontractors' negligence.

Cause in fact refers to "the cause and effect relationship between the tortious conduct and the injury." *King v. Anderson Cnty.*, 419 S.W.3d 232, 246 (Tenn. 2013)

(quoting *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993) (internal quotation marks omitted)). It is not enough for a plaintiff to show that a defendant's conduct was a possible cause of the injury; the defendant's conduct must be shown to be the probable cause. *Lindsey v. Miami Dev. Corp.*, 689 S.W.2d 856, 861–62 (Tenn. 1985) (quoting Keeton, *Prosser and Keeton on Torts* § 41, at 269); *see also Kilpatrick*, 868 S.W.2d at 601–02.

A defendant's conduct is a cause in fact of a plaintiff's injury if the injury would not have occurred but for the defendant's conduct. *King*, 419 S.W.3d at 246 (quoting *Kilpatrick*, 868 S.W.2d at 598). A plaintiff must prove that the negligence of the defendant more likely than not caused the injury. *Kilpatrick*, 868 S.W.2d at 598–99 (citing *Lindsey*, 689 S.W.2d at 861). Cause in fact may be shown by direct or circumstantial evidence. *See Law v. Louisville & Nashville R.R. Co.*, 170 S.W.2d 360, 363 (Tenn. 1943) (Chambliss, J., concurring). Where proof of causation is made by circumstantial evidence, the evidence must be such that it tends to exclude any other cause; in other words, it must be proven to be more likely than not. *See Jones v. Mercer Pie Co.*, 214 S.W.2d 46, 49 (Tenn. 1948); *Nashville Ry. & Light Co. v. Harrison*, 5 Tenn. App. 22, 34 (Tenn. Ct. App. 1927); *see also Gandy v. Captain D's Seafood Rest.*, No. C.A. 89-257-II, 1990 WL 33395, at *3 (Tenn. Ct. App. Mar. 28, 1990) ("The facts must tend to exclude any other cause . . . ." (quoting *Jones*, 214 S.W.2d at 49)); *The Law of Torts* § 191 ("[T]he plaintiff must ordinarily prove factual cause by a preponderance of the evidence, circumstantial or otherwise.").

In their summary judgment motion, the subcontractors argued that the plaintiffs could not prove that any negligent conduct of the subcontractors was the cause in fact of the fire, relying in part on the testimony of the plaintiffs' expert witnesses that they could not determine the cause of the fire. The plaintiffs responded that on the day of the fire, subcontractor Mr. Luu and/or his crew handled flammable substances in the area of the garage, they smoked cigarettes in the garage area, and they were the last people in the house before the fire; subcontractor Mr. Luu and his crew had previously smoked cigarettes in the vicinity of the back deck; the rags they used to stain the floors, if not properly disposed of, may have caused the fire; and it is unlikely that an arsonist could have approached the house without being seen on the neighbor's surveillance camera.

After a review of the evidence, we conclude that the plaintiffs did not produce sufficient evidence to establish that any negligence of the subcontractors was the cause in fact of the fire, an essential element of the plaintiffs' cause of action. The fire started on Halloween night outside the house on a back deck that was accessible to the public. No one was at the house when the fire started. The plaintiffs' expert witnesses could not rule out arson as a cause of the fire and were not able to identify a possible cause for the fire that was more likely than any other cause. The flooring subcontractors *may* have been

- 10 -

negligent by improperly discarding cigarettes or by disposing of rags in the garage area, but the plaintiffs were not able to link these alleged acts to the fire that started on the back deck.

Proof of negligence is not a substitute for evidence of causation. *King*, 419 S.W.3d at 247 ("'Proof of negligence without proof of causation is nothing.'" (quoting *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 181 (Tenn. 1992))); *Kilpatrick*, 868 S.W.2d at 599 ("Even when it is shown that the defendant breached a duty of care owed to the plaintiff, the plaintiff must still establish the requisite causal connection between the defendant's conduct and the plaintiff's injury." (citing *Doe*, 845 S.W.2d at 181)); *Mosley v. Metro. Gov't of Nashville & Davidson Cnty.*, 155 S.W.3d 119, 124 (Tenn. Ct. App. 2004) (quoting *German v. Nichopoulos*, 577 S.W.2d 197, 203 (Tenn. Ct. App. 1978), *overruled on other grounds by Seavers*, 9 S.W.3d at 90, 96; *Drewry v. Obion Cnty.*, 619 S.W.2d 397, 398 (Tenn. Ct. App. 1981), *overruled on other grounds by Seavers*, 9 S.W.3d at 93, 96.

The Court of Appeals correctly concluded that evidence of the subcontractors' negligence in improperly discarding flammable rags and cigarettes created a disputed issue of material fact as to negligence. However, the Court of Appeals erred by concluding that these disputed facts indicating negligence sufficed to establish disputed questions of fact as to causation. We agree with Chief Judge Susano's separate opinion that even if the flooring subcontractors were negligent, there was a lack of evidence showing a nexus between the subcontractors' conduct and the fire.

The trial court properly granted summary judgment to the subcontractors based on the inability of the plaintiffs to produce evidence that any negligent conduct by the subcontractors was the cause in fact of the fire.

*Breach of Contract Claim against General Contractor*

The plaintiffs' claim against the general contractor for breach of contract was based on the assertion that the alleged negligence of the subcontractors was the cause in fact of the fire and, therefore, the general contractor breached an implied duty to perform the work skillfully, carefully, diligently, and in a workmanlike manner. Because the plaintiffs offered insufficient evidence to link the alleged negligence of the subcontractors to the cause in fact of the fire, the plaintiffs' breach of contract claim as to the general contractor cannot survive summary judgment.

## III.

The fatal flaw of the plaintiffs' case against the general contractor and the subcontractors was the plaintiffs' inability to submit sufficient evidence of the cause in fact of the fire. Despite plaintiffs' best efforts, this required element of proof eluded them. Expert testimony established many possible causes of the fire, but did not establish that any negligence of the general contractor or the subcontractors was the probable cause in fact of the fire. The plaintiffs could not rely on an inference of negligence under res ipsa loquitur because of insufficient proof that the general contractor had exclusive control of the cause or all reasonably probable causes of the fire.

We affirm the trial court's grant of summary judgment on all claims and affirm in part and reverse in part the decision of the Court of Appeals. Costs of this appeal are taxed to Ewin B. Jenkins and Janet B. Jenkins and their surety, for which execution may issue if necessary.

_____
SHARON G. LEE, JUSTICE