IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 3, 2018

**BELINDA PULLER EX REL. DAREL PULLER v. JUDITH RONEY**

**Appeal from the Circuit Court for Warren County**
**No. 16CV516     Larry B. Stanley, Jr., Judge**

_____

**No. M2018-01234-COA-R3-CV**

_____

Defendant Judith Roney hired Darel Puller as a handyman to do periodic odd jobs in maintaining her house. Mr. Puller died in an accident when he fell from defendant's roof while clearing it of debris. No one witnessed the accident. A housekeeper found him unconscious on a patio, with an extension ladder lying on the ground next to him. Defendant testified that she had not spoken to Mr. Puller the day of the accident, and that she did not know he was going to get her ladder from a back garage and use it to get on the roof. She also said that the ladder was probably at least forty years old and that it was missing one of the extension latching hooks. Mr. Puller's widow, Belinda Puller, brought this action alleging defendant was negligent in failing to warn him of the defective condition of the ladder. Defendant moved for summary judgment, which was granted by the trial court on the ground that "the Plaintiff is unable to establish in any way, the cause of the injury to the Plaintiff or the relation of the Defendant to the Plaintiff's injury." We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which and RICHARD H. DINKINS and KENNY ARMSTRONG, JJ., joined.

Aubrey L. Harper, Chattanooga, Tennessee, for the appellant, Belinda Puller ex rel. Darel Puller.

Steven A. Dix, Murfreesboro, Tennessee, for the appellee, Judith Roney.

# OPINION

## I.

Mr. Puller did a variety of periodic handyman jobs for defendant, starting in 2008. He did painting, repairs, electrical, plumbing, and masonry work for her during that time. Once a year, Mr. Puller would get on the roof, clear it of debris, and check the shingles to see if any needed replacement. Both defendant and plaintiff testified that prior to the day of the accident, Mr. Puller always brought his own tools with him and used them in his work.

The accident occurred on June 8, 2015. Mr. Puller arrived at defendant's house to perform two tasks that morning – to hang several doors that he had painted, and to fix a leaky faucet. Plaintiff called him on his cell phone at around 1:30 pm. He told her that he was on a roof cleaning the gutters and blowing it off. Shortly thereafter, housekeeper Linda Fults found him lying on the patio unconscious apparently from a head injury. The ladder and a gas-powered backpack leaf blower were on the ground next to him. Paramedics arrived shortly after 2:00 pm and took him to the hospital. He later died from his injury.

Defendant testified that she kept a list of jobs that needed to be done when Mr. Puller had the time to do them. On the handwritten list, which had Mr. Puller's name at the top, were nine items, two of which had been scratched off. One of the items that was not marked through was "check roof remove debris." Defendant stated that on the day of the accident, Mr. Puller was there to hang the doors and fix the faucet. She did not know he was going to take it upon himself to blow off the roof, nor that he was going to use her ladder and leaf blower. She was at home at the time, but on the other side of the house, so that she could not hear the leaf blower. Her first indication that he had been on the roof was when the housekeepers told her he had fallen.

Defendant testified as follows in pertinent part regarding the ladder:

> Q: Did you have knowledge from anybody that that ladder could be defective?
>
> A: I knew that there was one of those hooks . . . was off of it.
>
> Q: Okay. So you didn't consider that to be a defect in the ladder?
>
> A: It was not a problem for me, because I'm not very heavy.

Q: Okay.

A: I have no problem with being able to use the ladder.


\* \* \*


Q: How long have you owned that ladder?

A: I'm not going to know that for sure, but it would have been after buying a two-story house, which would have been in 1972, I bought the house. So probably within that year I bought the ladder, because I needed the extra length.

Q: So it would be safe to say the ladder was probably over 40 years?

A: Probably. I would say I bought it somewhere around 1973.

Q: Okay. When did you first become aware that one of the latching hooks was broken?

A: couple of years maybe.

Q: A couple of years before this incident?

A: Yeah.

Q: Okay. Had Mr. Puller – well, let me back up. Is it true that Mr. Puller normally brought his own ladders?

A: Yes. That's correct.

Q: Okay. But if I understand, your testimony is that on this particular day he didn't bring his own ladders.

A: I don't believe he did.

Q: And that he went to your garage and got this ladder without your knowledge?

A: That's correct.

Plaintiff filed suit alleging negligence in furnishing the ladder and failing to warn Mr. Puller of its defective condition. She argued that the legal principle of res ipsa loquitur, "the thing speaks for itself," was applicable to establish an inference of negligence. Following discovery, defendant moved for summary judgment, arguing that "the Plaintiff is unable to establish any critical facts necessary to prevail, including [the] mechanism of the Deceased's fall, the essential element of causation, nor can it be shown that the Defendant's conduct caused Mr. Puller's injuries." The proof presented to the court in the record consists of excerpts from plaintiff's and defendant's depositions, two brief affidavits from the housekeepers, a copy of the aforementioned list, and the narrative written by the emergency medical technicians who responded to defendant's 911 call. The trial court, in a brief one-page order, ruled as follows:

No person, expert or otherwise is able to opine as to how [Mr. Puller] sustained the injury while at the home of the Defendant.

No one was in [Mr. Puller's] presence when the injury occurred.

Therefore, the Plaintiff is unable to establish in any way, the cause of the injury to the Plaintiff or the relation of the Defendant to the Plaintiff's injury. The Defendant's Motion for Summary Judgment is sustained.

(Numbering in original omitted.) Plaintiff timely filed a notice of appeal.

## II.

Plaintiff raises eight issues on appeal, which we have condensed as follows:

1. Whether the doctrine of res ipsa loquitur is applicable under the facts of this case.

2. Whether the trial court correctly granted summary judgment to defendant.

-4-

## III.

Our standard of review of a grant of summary judgment is as stated by the Supreme Court:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness.
>
> \*     \*     \*
>
> [I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. . . . The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015) (italics in original).

In making the determination of whether summary judgment was correctly granted,

> [w]e must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary

judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

*Weinert v. City of Sevierville, Tenn.*, No. E2018-00479-COA-R3-CV, 2019 WL 319892, at *4 (Tenn. Ct. App., filed Jan. 23, 2019) (quoting *Wells Fargo Bank, N.A. v. Lockett*, No. E2013-02186-COA-R3-CV, 2014 WL 1673745 at *2 (Tenn. Ct. App., filed Apr. 24, 2014)).

## IV.

## A.

Plaintiff argues that the trial court erred in declining to apply the res ipsa loquitur doctrine in order to allow her action to survive summary judgment. The Supreme Court has recently reiterated and discussed at length the applicability of this doctrine in Tennessee, in pertinent part, stating as follows:

> This evidentiary principle assists a plaintiff by furnishing circumstantial evidence of negligence when direct evidence may be lacking. . . .
>
> When res ipsa loquitur applies, it allows, but does not require, the fact finder to infer negligence from the circumstances of the injury. The plaintiff, by relying on res ipsa loquitur to establish an inference of negligence, does not get a free pass on the burden of proof, nor does the burden of proof shift to the defendant. The plaintiff must submit evidence that establishes a rational basis for finding that the plaintiff's injury was probably the result of the defendant's negligence. The plaintiff need not eliminate all other possible causes but must show that the defendant's negligence was more probable than any other cause. The trial court determines if the plaintiff has established a sufficient foundation for res ipsa loquitur to apply.
>
> To rely on res ipsa loquitur, a plaintiff must show that (a) the event that caused the injury is of a kind that ordinarily does not occur in the absence of negligence; (b) *other responsible causes, including the conduct of the plaintiff and third*

*persons, are sufficiently eliminated by the evidence*; and (c) the negligence is within the scope of the defendant's duty to the plaintiff. Restatement (Second) of Torts § 328D(1); ***Provident Life***, 396 S.W.2d at 355–56 (quoting Restatement (Second) of Torts § 328D); ***Burton***, 129 S.W.3d at 524–25. The plaintiff may establish part (b) by showing that the specific cause for the event was under the defendant's control or that the defendant was responsible for all reasonably probable causes to which the event can be attributed. Restatement (Second) of Torts § 328D(1)(b) cmt. g. The essential question is whether "the probable cause is one which the defendant was under a duty to the plaintiff to anticipate or guard against." ***Id***.

***Jenkins v. Big City Remodeling***, 515 S.W.3d 843, 848-49 (Tenn. 2017) (emphasis added; internal citations omitted).

In this case, the precise cause of the injury is unknown because no one witnessed the accident. Plaintiff argues that it is a reasonable inference that the ladder was the instrumentality that caused it. Assuming arguendo that is true, plaintiff cannot show that the ladder was under the control of defendant at the pertinent time. Analyzing the proof in the light most favorable to plaintiff, the only reasonable inference is that Mr. Puller obtained the ladder and the leaf blower from defendant's back garage. Defendant did not have control over the ladder when Mr. Puller placed it against the house, nor when he fell. Neither can plaintiff demonstrate that defendant was responsible for "other reasonably probable causes," potentially including Mr. Puller's own conduct. ***Id.*** at 849. Similarly, the circumstantial evidence in the record is inadequate to show that "other responsible causes, including the conduct of the plaintiff . . . , are sufficiently eliminated by the evidence." ***Id.*** Thus, res ipsa loquitur does not apply.

**B.**

As this Court has observed in ***Singletary v. Gatlinburlier, Inc.***, No. E2015-01621-COA-R3-CV, 2016 WL 1644475, at \*2 (Tenn. Ct. App., filed Apr. 25, 2016), another case wherein we rejected the applicability of the res ipsa doctrine,

> To prevail on a premises liability claim based upon negligence, a plaintiff must establish: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant that was below the standard of care, amounting to a

breach of a duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation."

(quoting *Williams v. Linkscorp Tenn. Six, L.L.C.*, 212 S.W.3d 293, 296 (Tenn. Ct. App. 2006). The Supreme Court in *Jenkins* provided the following guidance on the concept of causation and plaintiff's burden to prove it:

> Cause in fact refers to "the cause and effect relationship between the tortious conduct and the injury." *King v. Anderson Cnty.*, 419 S.W.3d 232, 246 (Tenn. 2013) (quoting *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993) (internal quotation marks omitted)). It is not enough for a plaintiff to show that a defendant's conduct was a possible cause of the injury; the defendant's conduct must be shown to be the probable cause. *Lindsey v. Miami Dev. Corp.*, 689 S.W.2d 856, 861–62 (Tenn. 1985) (quoting Keeton, Prosser and Keeton on Torts § 41, at 269); *see also Kilpatrick*, 868 S.W.2d at 601–02.

> A defendant's conduct is a cause in fact of a plaintiff's injury if the injury would not have occurred but for the defendant's conduct. *King*, 419 S.W.3d at 246 (quoting *Kilpatrick*, 868 S.W.2d at 598). A plaintiff must prove that the negligence of the defendant more likely than not caused the injury. *Kilpatrick*, 868 S.W.2d at 598–99 (citing *Lindsey*, 689 S.W.2d at 861). Cause in fact may be shown by direct or circumstantial evidence. *See Law v. Louisville & Nashville R.R. Co.*, 179 Tenn. 687, 170 S.W.2d 360, 363 (1943) (Chambliss, J., concurring). Where proof of causation is made by circumstantial evidence, the evidence must be such that it tends to exclude any other cause; in other words, it must be proven to be more likely than not.

> \* \* \*

> Proof of negligence is not a substitute for evidence of causation. *King*, 419 S.W.3d at 247 (" 'Proof of negligence without proof of causation is nothing.' " (quoting *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 181 (Tenn. 1992)));

*Kilpatrick*, 868 S.W.2d at 599 ("Even when it is shown that the defendant breached a duty of care owed to the plaintiff, the plaintiff must still establish the requisite causal connection between the defendant's conduct and the plaintiff's injury." (citing *Doe*, 845 S.W.2d at 181))[.]

*Jenkins*, 515 S.W.3d at 851-52.

In the present case, there is no proof – expert, pictorial, or otherwise – in the record regarding the condition and position of the ladder at the time of the accident, other than defendant's deposition testimony, quoted in full above. Defendant testified that it was a twelve-foot ladder. There is no proof in the record of the distance between the ground and the part of the roof the ladder would have been leaning against, other than the paramedic's estimation that Mr. Puller "was working off of a ladder when he fell about 15 feet onto a concrete and brick step." Assuming that the ladder was defective in that it was missing a latching extension hook, there is no proof that either the assumed defect, or the ladder itself, was more probably than not the cause of the injury. It is not clear from the evidence whether the ladder was found in an extended position after the accident.

Our analysis is informed by this Court's recent opinion in *Epps v. Thompson*, No. M2017-01818-COA-R3-CV, 2018 WL 1353589 (Tenn. Ct. App., filed Mar. 15, 2018), a case that is factually similar in many ways. In *Epps*, a handyman hired by the defendant to paint her house was injured in a fall from a folding ladder owned and furnished by the homeowner. *Id.* at *1. Mr. Epps survived the fall and "sued the landowner for damages, asserting the landowner was negligent for providing him with old ladders that were unsafe." *Id.* He testified, "I don't know if it was the devil or an act of God. The ladder just kicked out. It just kicked out . . . It just fell over." Regarding the ladder,

> Mr. Epps stated that he did not see the ladder after he fell, so he did not know if a step broke, a hinge came loose, or if the ladder failed in some other respect. He testified that it was "defective to the point where the legs [weren't] working right."

*Id.* at *2 (brackets in original). The trial court granted summary judgment in the homeowner's favor, holding that "the Plaintiff was not aware of why the ladder fell, and had no facts to show causation." *Id.* at *3.

On appeal, the *Epps* Court stated, in pertinent part, as follows:

Mr. Epps testified during his deposition that he did not know what caused him to fall off the ladder. He said the ladder "just kicked out," but he did not know if he simply lost his balance, if the ladder itself failed, or if something else caused him to fall.

The facts here are not unlike the facts of *Lurks v. City of Newbern*, No. W2016–01532–COA–R3–CV, 2017 WL 384429 (Tenn. Ct. App. Jan. 26, 2017), where . . . [we] explain[ed,] "we will not presume negligence simply because an accident occurred. A plaintiff must be able to prove causation." *Id*.; *see also* *Hickman v. Jordan*, 87 S.W.3d 496, 499 (Tenn. Ct. App. 2001) ("[N]egligence is not presumed from the mere fact of an accident or injury."). The *Lurks* court went on to say:

> Negligence shall not be presumed absent an affirmative demonstration from the evidence. Therefore, in the context of injuries to plaintiffs resulting from a fall, mere speculation about the cause of an injury is insufficient to establish liability on a negligence claim. As such, a plaintiff will be prevented from establishing negligence when he, either personally or with the use of outside witnesses, is unable to identify what caused the fall. In other words, a plaintiff must know what caused him to slip and fall. A plaintiff cannot speculate as to what caused the fall.

*Lurks*, 2017 WL 384429, at *3 (quoting *Pittinger v. Ruby Tuesday, Inc.*, No. M2006–00266–COA–R3–CV, 2007 WL 935713, at *3 (Tenn. Ct. App. Mar. 28, 2007)); *see also* *Mullins v. Nash*, No. 01A01–9403–CV–00138, 1994 WL 485581, at *2 (Tenn. Ct. App. Sept. 9, 1994) (affirming trial court's decision granting defendant summary judgment where record did not reveal cause of plaintiff's fall). Thus, Mr. Epps could not carry his burden on an essential element of his case, the condition of the ladder was a cause in fact of his fall and injury.

-10-

*Epps*, 2018 WL 1353589 at *4-5.

The obvious difference between *Epps* and the current action is that in the present case, no one is available to testify regarding the cause of the accident and injury. Here we must rely solely on circumstantial evidence. Unfortunately for plaintiff, like in *Epps*, the proof is insufficient to establish either the cause of the fall, or that, whatever it was, defendant's conduct was substantially connected to the cause. The trial court therefore correctly granted summary judgment to defendant.

## V.

The trial court's summary judgment in favor of defendant Judith Roney is affirmed. Costs on appeal are assessed to the appellant, Belinda Puller. This case is remanded to the trial court for collection of the costs assessed by that court.

_____
CHARLES D. SUSANO, JR., JUDGE